513 A.2d 486

**Ralph J. ALTOMARE, Sr.**

v.

**Ralph J. ALTOMARE, Jr. and Cynthia Altomare.**

**Appeal of Cynthia ALTOMARE.**

Superior Court of Pennsylvania.

Argued June 10, 1986.

Filed Aug. 11, 1986.

392

Joseph R. Livesey, Philadelphia, for appellant.

Neil A. Morris, Philadelphia, for appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant Cynthia Altomare, a defendant in the underlying equitable action, challenges the order denying her motion to reinstate the case on the trial list and granting appellee Ralph J. Altomare, Jr.'s motion to enforce settlement. Appellant argues that the court's finding that a settlement occurred was against the weight of the evidence, and that the settlement agreement was unenforceable because it purported to assign an interest in real estate and was not reduced to writing as required by the Statute of Frauds. We find appellant's arguments to be without merit, and affirm the order of the Court of Common Pleas of Philadelphia County.

On February 17, 1982, Ralph Altomare, Sr., filed a complaint in equity to establish an equitable mortgage on a

property in Philadelphia in order to protect his alleged interest in this property. This property was deeded over to Altomare's son and daughter-in-law, Ralph Altomare, Jr., and Cynthia Altomare, for $15,000 pursuant to an oral mortgage of $150 per month payable to Altomare, Sr., until the sum of $15,000 was paid in full. The property in question served as the marital home of Ralph and Cynthia Altomare until they separated in April 1981. After their separation, Ralph and Cynthia allegedly defaulted on the mortgage payments to Altomare, Sr. As a result, Altomare, Sr., brought the present action.

The trial court held a pre-trial conference on this matter, and, at that time, counsel for all parties indicated that this case had been settled. Relying on this representation, the court marked the case "settled;" but on September 17, 1985, Cynthia Altomare petitioned the trial court to reinstate the case on its trial list, alleging that she never agreed to settle the case and that her attorney did not have the authority to do so. On September 23, 1985, Altomare, Jr., petitioned the trial court to enforce the settlement. Following a hearing on these motions, the court, on October 31, 1985, granted the motion to enforce the settlement and denied the motion to reinstate the case on the trial list. This timely appeal followed.[1]

 Whether the parties agreed to settle this case is a question of fact for the trial court. The court's determination on this issue was not capricious or against the weight of the evidence. *See Simon v. H.K. Porter Co.*, 407 Pa. 359, 180 A.2d 227 (1962). The court made extensive findings of fact after a hearing on the matter. A careful review of the record in this case reveals substantial evi-

---

**1.** We note that appellant Cynthia Altomare has not filed any post-trial motions to the trial court's October 31st order. However, the court's order does appear to be final in form; it is neither entitled "Decree Nisi" nor indicates that post-trial motions were required. *See In re Esate of Dorone*, 349 Pa.Super. 59, 502 A.2d 1271 (1985) (when an order neither comports with the requirements of Pa.R.C.P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal, the failure to file exceptions will be excused).

dence that would enable the hearing court to determine that a settlement was reached. We will not overturn that determination.[2]

▮ Appellant's second argument is based on the Statute of Frauds. *See Gogel v. Blazofsky,* 187 Pa.Super. 32, 142 A.2d 313 (1958). This reliance is misplaced. The Statute of Frauds is an affirmative defense which appellant attempts to raise in connection with the settlement agreement for the first time on appeal. Whether the Statute of Frauds is applicable in this situation is moot; the time for raising this affirmative defense is past. *See* Pa.R.C.P. 1030. Appellant waived the defense of the Statute of Frauds when she failed to raise it in responsive pleadings relative to enforcement of the settlement agreement below. *See Zvonik v. Zvonik,* 291 Pa.Super. 309, 435 A.2d 1236 (1981).

Order affirmed.

ROWLEY, J., concurs in the result.

�In▮

▮

**2.** It is important for all concerned to be able to rely on agreements on the record made by counsel. *See* Pa.R.A.P. 3122 and Pa.R.C.P. 201. *See, e.g., Borough of Brookhaven v. Zoning Hearing Board,* 58 Pa. Cmwlth. 436, 427 A.2d 1281 (1981).