518 A.2d 841

**Thelma M. MILLER**

*v.*

**Clark E. MILLER and Ray Miller.**

**Appeal of Clark E. MILLER.**

Superior Court of Pennsylvania.

Submitted June 16, 1986.

Filed Dec. 3, 1986.

William F. Patterson, Johnstown, for appellant.

R. Thomas Strayer, Johnstown, for appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

DEL SOLE, Judge:

This appeal follows an Order entering Judgment which held Appellant was required to return various sums of money to Appellee, his mother. The Order in question stems from an equity action filed by Appellee against Appellant in which she alleged that Appellant had taken possession of various items against her will, that no Trust agreement concerning these items existed, and that monies

disbursed by Appellant to his siblings should be returned to her.

Appellant raises four issues on appeal: 1. whether a valid Trust ever existed; 2. if so, whether Appellee was able to unilaterally terminate it; 3. whether Appellee authorized the disbursements made to Appellant's brothers and sisters; and 4. whether there existed a valid Family Settlement.

By her brief, Appellee aptly points out the absence of post-trial motions filed on behalf of Appellant following the trial court's Order. Pursuant to Pa.R.C.P. 227.1, post-trial relief may not be granted unless the grounds in support of such motion are specified and filed within ten days after adjudication in the equity trial. Failure to comply with these provisions results in a waiver of all issues. Pa.R.C.P. 227.1(b)(1), (2), (c)(2).

However, upon a close examination of the record, we detect a procedural irregularity which foreclosed Appellant's ability to comply with the mandates set out in Rule 227.1. The Order from which this appeal is taken is as follows:

> AND NOW, this 5th day of February, 1986, in accordance with the findings of fact, conclusions of law, orders and directives hereinbefore set forth, *JUDGMENT is ENTERED* in FAVOR of the Plaintiff and AGAINST the Defendants, Clark Miller and Ray Miller. (Findings of Facts) (emphasis added).

This procedure was improper. It is well-established by our supreme court that a chancellor must first file a Decree Nisi. *Cooney v. Pennsylvania Osteopathic Association*, 434 Pa. 358, 359, 253 A.2d 256, 257 (1969).[1] A Decree Nisi is a non-appealable interlocutory order which is filed so that the parties may object to and reargue the issues before the trial court. *Bogosian v. Foerderer Tract Committee*, 264 Pa.Super. 84, 88, 399 A.2d 408, 410 (1979). Only after

---

[1] We note that the Pennsylvania Rules of Civil Procedure have been amended subsequent to the disposition of *Cooney*. However, the changes do not evince a departure from the legal principle set out above.

reviewing the merits of these arguments may the chancellor enter a final Decree. *Cooney* at, 434 Pa. 360, 253 A.2d 257. "The right of appeal lies from the final decree entered by the court." *Bogosian* at, 264 Pa.Superior Ct. 88, 399 A.2d 410.

In the instant case, the record shows that a hearing was held on December 17, 1985. On February 6, 1986 the trial court filed its Findings of Facts in which a thorough explication of the factual and legal premises of the case is found. Accompanying this document was the Order[2] entering Judgment in favor of Appellee instead of the appropriate Decree Nisi. On March 3, 1986 Appellee filed praecipe for judgment and judgment was again indexed and entered.[3] Notice of Appeal to the Superior Court was also filed in that Office.[4]

It is apparent from this examination of the record, that Appellant was not given the opportunity to file post-trial motions. The only inroad to post-trial relief left to Appellant was in the form of a Direct Appeal to this court. In *Patrick and Wilkins, Co. v. Adams*, 456 Pa. 566, 568, 322 A.2d 341, 342 (1974), our Supreme Court was confronted with a similar scenario. In that case, it was determined that the chancellor's Decree be vacated and the record

2. The term "Order" is a misnomer when used to denote a Decree in Equity.

3. From a procedural perspective Appellee's Praecipe for Judgment was needless. Once the trial court's Order was filed on February 6, 1986, judgment was entered. *See* docket entries. Pa.R.C.P. 227.4(2) provides that the prothonotary shall enter judgment on praecipe *when the court does not enter judgment itself.* In this case, judgment had effectively been entered on February 6, 1986. *See* Pa.R.C.P. 227.4(2).

4. The record reveals a contradiction in filing dates as supplied to us by the trial court Prothonotary. The General Index presents the Notice of Appeal as being filed on March 10, 1986. However, the time-clock stamp found on the document itself has March 3, 1986 as the filing date. We are perplexed by this inconsistency. Although both dates lead us to the conclusion that the appeal was timely filed, we caution the Prothonotary's Office on the importance of supplying this court with an accurate listing of docket entries.

 187

remanded for the purpose of allowing Appellant to file appropriate exceptions [5] to the chancellor's Decree.

In keeping with the directives of the Pennsylvania Supreme Court, we vacate the Order entering judgment and remand to the trial court and grant leave to the Appellant to file a Motion for Post-Trial Relief within ten days pursuant to Pa.R.C.P. 227.1.

Judgment of trial court vacated. Case remanded to trial court for proceedings consistent with this Opinion. Jurisdiction relinquished.

**5.** The practice of filing exceptions has since been replaced with filing a Motion for Post-Trial Relief. *See* Pa.R.C.P. 227.1.