692 A.2d 1058

**Robert SWARTZ**

v.

**UNION MUTUAL INSURANCE COMPANY OF WESTMORELAND COUNTY,**
**Louis Trout and Sarah Trout**

**Appeal of UNION MUTUAL INSURANCE COMPANY OF WESTMORELAND COUNTY.**

Supreme Court of Pennsylvania.

Submitted March 5, 1997.

Decided April 21, 1997.

Ronald J. Bergman, Greensburg, for Union Mutual Insurance Company of Westmoreland County.

William J. Begley, Pittsburgh, for Robert Swartz.

Robert M. Stefanon, for Louis & Sarah Trout.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

Louis and Sarah Trout owned a forty acre farm on which they kept a 1965 model pickup truck. The truck was not registered and it had not been used on the highway since 1976. On July 28, 1993, Robert Swartz, a visitor at the Trout farm, was injured when the truck lunged forward while Louis Trout, who was working on the truck, attempted to start it.

The Trouts were insured by Union Mutual under a homeowners' policy. The policy provides:

5. Motorized Vehicles—We pay for the bodily injury or the property damage which:

    a. occurs on the insured premises and is a result of the ownership, maintenance, use, loading or unloading of:

      1) a motorized vehicle if it is not subject to motor vehicle registration because of its type or use;

Acting through his attorneys, Mr. Swartz made a claim against Union Mutual for the injuries he sustained. Union Mutual refused to pay the claim, asserting that the truck which injured Mr. Swartz was not covered under the terms of the policy because it was subject to registration. Union Mutual argued that even though the truck was not registered, it was subject to registration under 75 Pa.C.S. § 1302(10)(ii), which requires a biennial certificate of exemption. It is undisputed that the Trouts did not apply for this certificate of exemption. Section 1302 provides, in pertinent part:

§ 1302. **Vehicles exempt from registration**

The following types of vehicles are exempt from registration:

\* \* \* \* \* \*

(10) Any farm truck used exclusively upon a farm or farms owned or operated by the owner of the vehicle.

(i) Such a farm truck may be driven upon highways only from sunrise to sunset and between:

(A) Parts of one such farm.

(B) Such farms located not more than ten miles apart.

(C) Such farm or farms and a place of business located within a radius of ten miles from such farm or farms for the purpose of buying or selling agricultural commodities or supplies.

(D) Such farm or farms and a place of business located within a radius of 25 miles from such farm or farms for the purpose of repair or servicing of the farm truck.

(ii) A biennial certificate of exemption shall be required for such a farm truck.[1]

Swartz then filed an action for declaratory judgment in the Court of Common Pleas of Westmoreland County. Swartz argued that there was no requirement for registration in this case because the truck in question was not operated off the farm. 75 Pa.C.S. § 1301 provides:

§ 1301. **Registration and certificate of title required**

(a) **Driving unregistered vehicle prohibited.** No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in the Commonwealth unless the vehicle is exempt from registration.

Swartz bolstered his argument at trial by introducing a letter from the acting director of the Bureau of Motor Vehicles:

This is in response to your letter of November 16 regarding the registration of a vehicle used exclusively on a farm.

1. In 1994, paragraph 10 was amended, in pertinent part, to change "farm truck" to "farm vehicle."

Under 75 Pa.C.S. Section 1301, only those vehicles that are driven or moved on a highway are required to be registered. If any vehicle, regardless of what it is used for, is operated exclusively off the highway (see 75 Pa.C.S. Section 102 for definition of highway), no registration is needed. However, if the farm pickup truck specified in your letter is driven or moved on a highway at any time, then that vehicle must comply with the requirements of Section 1302(10) or fully registered [sic] if this exemption is not applicable.

Section 1301 and the Acting Director's letter notwithstanding, the trial court held that the truck was exempt from registration when the owner applies for and receives a certificate of exemption. Since the Trouts had never applied for the certificate of exemption, the court concluded that the truck was not exempted from motor vehicle registration, and the insurance company, therefore, was not liable under the terms of the insurance contract. In reaching this result, the trial court relied upon *Winkelman v. PFRACP*, 418 Pa.Super. 439, 614 A.2d 717 (1992), which held that all vehicles must be registered regardless of an owner's intended usage unless they fall within one of the authorized exemptions.

The Superior Court, in a memorandum opinion, reversed. It held that the truck in this case was never operated on the highway, and it was not, therefore, subject to registration. 75 Pa.C.S. § 1301. The Superior Court distinguished the *Winkelman* case from the present case by noting that in *Winkelman* the unregistered vehicle was an automobile, which clearly is not exempt from registration. Moreover, the issue in this case, according to the Superior Court, is whether the Trouts' truck qualifies as a motor vehicle which is not subject to registration because of its use, not whether the Trouts were required to obtain an exemption certificate. As the Superior Court read § 1301, the truck was not subject to registration, and the bodily injury, therefore, was covered under the terms of the policy.

On appeal to this court, Union Mutual argues that the Trouts' truck cannot be exempt from the requirement of registration unless a certificate of exemption is applied for,

since the Motor Vehicle Code defines a farm truck as one determined by the Department of Transportation as used exclusively for agricultural purposes,[2] and in the absence of a certificate of exemption, the vehicle cannot be designated as a farm truck (and therefore exempt from registration). Secondly, Union Mutual asserts that § 1301 does not excuse the Trouts from the need to register their truck because the Superior Court in *Winkelman* has determined that all vehicles, regardless of their use, must be registered unless they fall within an authorized exemption.

The key issue in the case, as identified both by the trial court and Union Mutual, is whether the truck which caused the injuries is "subject to motor vehicle registration." The answer to this question and to the other matters raised by Union Mutual is revealed by an examination of the two provisions of the Motor Vehicle Code which apply to this case, §§ 1301 and 1302. The sense of § 1301 is that whenever motor vehicles are operated on the highways, they must, subject to the exceptions of § 1302, be registered. The sense of § 1302 is that farm vehicles and eighteen other classes of vehicles are exempt from the usual requirement that whenever a motor vehicle is operated on the highway, registration is required.

Pursuant to the terms of these statutes, in determining whether a motor vehicle must be registered, the first question is whether the vehicle is operated or moved on a highway. If it is, it must be registered unless it falls within one of the exceptions enumerated in § 1302. If it is not operated on a highway, it need not be registered, because § 1301 requires registration only when the vehicle is operated or moved on a highway. Thus, if the owner of an automobile has it raised on blocks in his garage and the car is not moved on a highway, it need not be registered under the plain terms of § 1301 *even if it does not qualify under any of the exceptions of § 1302.* The fact that it is not subject to an exclusion from registration pursuant to the terms of § 1302 is of no moment, for it need

2. 75 Pa.C.S. § 102. Subsequent to the accident in this case, this section was amended to replace "farm truck" with "farm vehicle."

638

not even be registered—much less qualify for an exclusion—if it does not operate on a highway. Insofar as *Winkelman v. PFRACP*, 418 Pa.Super. 439, 614 A.2d 717 (1992) holds otherwise, it is expressly overruled.

■ The same analysis applies to the farm truck in this case. The trial court believed that because the owners did not apply for the biennial exemption called for by § 1302(10), the truck was not exempt from registration. We disagree. The truck never left the farm. Since it did not operate upon the highways, it need not be registered by operation of § 1301.

It should be noted that this analysis does not read § 1302 out of existence, for § 1302 comes into play when the farm truck is operated on the highways, e.g., between parts of the same farm, or different farms located not more than ten miles apart, or when delivering farm supplies, or obtaining service on the truck. In those cases, § 1302 comes into operation and the owner of a farm truck must either register the truck or apply for the biennial certificate of exemption for a farm truck. In this case, the truck did not leave the farm. There was, therefore, no requirement of registration, and a fortiori, no requirement of application for the biennial certificate of exemption.

Since the insurance policy provides that the insurer is liable for bodily injury when the accident occurs upon the premises during the maintenance of a motor vehicle "if it is not subject to motor vehicle registration because of its type or use," and the truck in this case was being repaired on the Trout farm and was not subject to registration because it was used exclusively on the farm, the accident involving Mr. Swartz was covered under the terms of the policy.

The order of the Superior Court is affirmed.