Mary CHALKEY a/k/a Mary Matula

v.

Franklin Delano ROUSH
Jr., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 1, 1999.

Filed Aug. 7, 2000.

H. Reginald Belden, Jr., Greensburg, for appellant.

Thomas W. Cartwright, Johnstown, for appellee.

Before CAVANAUGH, DEL SOLE, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, MUSMANNO, ORIE MELVIN, and LALLY–GREEN, JJ.

FORD ELLIOTT, J.:

¶ 1 Franklin Delano Roush, Jr., ("Roush") appeals from the order that declared a contract for the sale of land between Roush and Mary Chalkey, a/k/a Mary Matula ("Matula") null and void and directed Roush to transfer the property in question back to Matula. We vacate and remand.

¶ 2 Matula, now deceased, was the owner of three adjacent parcels of land. Matula was in danger of losing one parcel due to a judgment entered against her in an unrelated lawsuit. A sheriff's sale was scheduled on this property, which caused a great deal of distress to the elderly Ma-tula. Matula had been represented in connection with the unrelated lawsuit by attorney Rex McQuaide; but just days before the sheriff's sale was scheduled to take place, Matula retained Roush, who is also an attorney, to arrange for a stay of the sale. The trial court, apparently believing Matula was merely attempting to delay the proceedings, noted that Matula was represented by McQuaide and refused to permit Roush to enter an appearance or present his motion. Prior to the sheriff sale, Matula sold Roush the property in question for $76,000, the amount due and owing on the judgment against her. Matula subsequently filed a complaint in equity seeking to have the transfer declared null and void. Following a hearing, the court determined that Roush had exercised undue influence over Matula in obtaining the property. As a result, the court entered an opinion and order on August 11, 1998 declaring the sale null and void and requiring Roush to transfer the property to Matula. (R. at 33.) Roush did not file post-trial motions from this opinion and order; rather, he filed a notice of appeal on September 8, 1998.

¶ 3 Roush raises the following issues on appeal:

1. Where at hearing scheduled on merits of action the party having the burden of proof introduced no evidence, and did not incorporate any evidence from prior proceedings, was it error to deny a motion by the other party to dismiss the action?

2. Absent some special relationship, was it error for the court to find a confidential relationship, based upon one party occupying a position of advisor or counselor to the other, where neither party presented evidence that either of them considered the one to be an advisor or counselor to the other?

3. Where seller of real property was unwilling to move from her property, was there an absence of any bona

fide offer, other than that of the purchaser, where purchaser's offer was only one which would permit her to stay on her property?

Appellant's brief at 4. Before reaching the merits of Roush's issues, we must decide whether he has waived his issues by failing to file post-trial motions, a position advocated by Matula.

¶ 4 Our supreme court recently reaffirmed the importance of post-trial motions in *Lane Enterprises v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998), and *L.B. Foster Co. v. Lane Enterprises, Inc.*, 551 Pa. 307, 710 A.2d 55 (1998) ("*Lane Enterprises*"). In *Lane Enterprises*, after a non-jury trial in a breach of contract action, the trial court issued an opinion disposing of issues the parties raised in trial memoranda. Following the trial court's decision, instead of filing post-trial motions, appellant Foster then filed a praecipe to enter judgment and a notice of appeal. A panel of this court reviewed the merits of the appeal despite the lack of post-trial motions, relying on *Donegal Mut. Ins. Co. v. State Farm*, 377 Pa.Super. 171, 546 A.2d 1212 (1988) (*en banc*), and *Storti v. Minnesota Mutual Life Insurance Co.*, 331 Pa.Super. 26, 479 A.2d 1061 (1984), both actions in equity. *Lane Enterprises, Inc. v. L.B. Foster Co.*, 700 A.2d 465, 469–470 (Pa.Super.1997), *reversed*, 551 Pa. 306, 710 A.2d 54 (1998) and *reversed, L.B. Foster v. Lane Enterprises, Inc.*, 551 Pa. 307, 710 A.2d 55 (1998). In a one-paragraph *per curiam* order, the supreme court reversed this court. We set forth the supreme court's order in full:

AND NOW, this 15th day of April 1998, the Order of the Superior Court is reversed. Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. See *Benson v. Penn Central Transportation Company*, 463 Pa. 37, 342 A.2d 393 (1975) and *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125 (1993).

This matter is remanded to the trial court for reinstatement of the verdict. *Lane Enterprises, supra* at 306, 710 A.2d at 54–55.

¶ 5 Shortly after the supreme court decided *Lane Enterprises*, a panel of this court addressed a motion to quash filed in response to an appeal from a judgment following a non-jury trial in an action to recover attorney's fees. *Plowman, Spiegel & Lewis, P.C. v. Straub*, 723 A.2d 1060 (Pa.Super.1999). In *Plowman*, the appellee law firm claimed that appellant waived his issues by failing to file post-trial motions and this court agreed, following *Lane Enterprises*. *Plowman*, 723 A.2d at 1061. Although the issue before the *Plowman* court involved the appealability of an order in an action at law, the *Plowman* court opined that *Lane Enterprises* called into question the continuing viability of *Storti, supra*, and its progeny. *Storti* is one of a long line of equity cases decided by both this court and our supreme court refusing to find waiver despite the lack of post-trial motions under certain limited circumstances. Although we agree that the panel in *Plowman* properly dismissed the appeal under the authority of *Lane Enterprises*, we granted reargument in this case to address the viability of *Storti* and its progeny after *Lane Enterprises*. We conclude that our supreme court did not intend to abrogate its holdings in either *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976), or *Community Sports, Inc. v. The Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968), when it entered its *per curiam* order in *Lane Enterprises, supra*. Our reasons follow.

¶ 6 Under Pa.R.Civ.P. 1517, following an equity trial "[t]he court shall make an adjudication.... The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of

law and (4) a decree *nisi.*" Pa.R.Civ.P. 1517(a), 42 Pa.C.S.A.[1] A *decree nisi* is a non-appealable interlocutory order which gives the parties an opportunity to examine and object to the proposed disposition of the case before the court enters a final order. Goodrich–Amram 2d § 1517:11.

■ ¶ 7 "After the adjudication and *decree nisi* have been filed, the parties may then challenge the decree and the factual findings by filing appropriate post-trial motions." *Winkelman v. Pennsylvania Financial Responsibility Assigned Claims Plan [PFRACP]*, 418 Pa.Super. 439, 614 A.2d 717, 718 (1992), *overruled on other grounds* in *Swartz v. Union Mut. Ins. Co. of Westmoreland County*, 547 Pa. 632, 692 A.2d 1058 (1997). Pursuant to Pa.R.Civ.P. 227.1(c)(2), post-trial motions must be filed within ten days of the adjudication. After the court addresses these motions, pursuant to Rule 227.4 it enters a final decree from which the parties may appeal. *Winkelman, supra.*

■ ¶ 8 Grounds not specified by post-trial motion are, however, waived on appeal. Rule 227.1(b)(2). The purpose of this rule is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." *Soderberg v. Weisel*, 455 Pa.Super. 158, 687 A.2d 839, 845 (1997) (citations omitted).

¶ 9 Prior to 1984, Pa.R.Civ.P. 1518 governed the procedure to be followed in an equity action after the chancellor filed an adjudication and *decree nisi* pursuant to Rule 1517. Rule 1518 provided, "Within twenty (20) days after notice of the filing of the adjudication, exceptions may be filed by any party...." Pa.R.Civ.P. 1518 (rescinded). That Rule further provided,

"Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters." *Id. See also Logan v. Cherrie*, 444 Pa. 555, 282 A.2d 236 (1971) (*per curiam*); *Copes v. Williams*, 412 Pa. 452, 454, 194 A.2d 899, 900 (1963).[2] Rule 1519, also rescinded, provided additionally that a court *en banc* shall pass upon the exceptions or, if none are filed, the prothonotary on praecipe shall enter the decree as final. *Community Sports, supra* at 413, 240 A.2d at 492.

¶ 10 Effective January 1, 1984, however, Rules 1518 and 1519 were rescinded and new Rules 227.1 through 227.4 were adopted. Rule 227.1 was enacted to abolish the distinctions in post-trial practice between actions at law and equity and actions tried with or without a jury. Pa. R.Civ.P. 227.1, 42 Pa.C.S.A. Explanatory Comment—1983 Introduction. Under Rule 227.1, parties are to file a post-trial motion, rather than exceptions, following an equity trial, and are to include in their motion the specific grounds for seeking relief, the relief sought, and the manner in which the grounds were raised at trial. Pa.R.Civ.P. 227.1(b)(1), (2). "Grounds not specified in the motion are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa. R.Civ.P. 227.1(b)(2).[3]

¶ 11 Thus, under both Rules 1518 and 227.1, a party seeking relief following an equity trial was required first to seek relief in the trial court; only then could that party file an appeal to this court. Additionally, under both sets of Rules, failure to seek such relief would result in waiver. *See Matthews v. Joines*, 700 A.2d 1322 (Pa.Super.1997) (equity action affirming on

---

1. Rule 1517 was recently amended, but this language has not changed.

2. Interestingly, however, the supreme court still reviewed the chancellor's application of legal principles to the facts as found. *Partrick & Wilkins Co. v. Adams*, 456 Pa. 566,, 322 A.2d 341, 342 (1974), citing *Copes, supra.*

3. Rule 227.2 eliminated the requirement that post-trial motions be heard by a court *en banc* unless the trial court so ordered. Rule 227.3 provides the procedure for ordering the record to be transcribed. Rule 227.4 allows a party to praecipe for entry of judgment if no timely post-trial motion is filed.

the basis of waiver after the trial court issued an oral verdict in favor of appellee that included findings of fact, appellant did not file post-trial motions, and a final order reflecting the verdict was docketed over one month later); *Miller v. Kramer*, 424 Pa.Super. 48, 621 A.2d 1033, 1035 (1993) (declaratory judgment action quashing the appeal where the chancellor entered a *decree nisi* on stipulated facts, appellant did not file post-trial motions, and appellee praeciped to enter the *decree nisi* as a final judgment).

¶ 12 Nevertheless, for at least the past 30 years, both our supreme court and this court have excused failure to seek relief from the trial court under certain limited circumstances. *Derry Township, supra* at 40, 351 A.2d at 611; *Community Sports, supra* at 414, 240 A.2d at 493. *Accord Reading Anthracite Co. v. Rich*, 525 Pa. 118, 577 A.2d 881 (1990); *In re Involuntary Termination of Parental Rights to B.M.D. and R.L.D.*, 487 Pa. 387, 409 A.2d 404 (1979) ("*B.M.D.*"). Those circumstances focus on actions by the trial court, which issues an opinion and order rather than an adjudication and *decree nisi*, or enters a final order, decree, or judgment, thereby requiring an immediate appeal. These orders may leave a party with an untenable choice. On the one hand, failure to file post-trial motions to what appears to be a final order may result in forfeiture of appeal rights when the time for filing an appeal has run. On the other hand, the immediate filing of an appeal from such an order would result in waiver of issues on appeal.

¶ 13 As a result, such actions by the trial court have in rare instances excused appellant from any fault in failing to file post-trial motions, just as a breakdown in the court's operation has always permitted other forms of extraordinary relief; for example, permission to file motions or appeals *nunc pro tunc*. In these cases, the supreme court has looked at both the order and the adjudication to determine whether a party was on notice of the need

to file post-trial motions and had the opportunity to do so.

¶ 14 In *B.M.D.*, for example, the trial court entered a "final decree" without filing an adjudication or *decree nisi*. As a result, the supreme court vacated the decree and remanded with instructions to the trial court to comply with Rules 1516–1517, after which the parties could file exceptions. *B.M.D., supra* at 391, 409 A.2d at 407. Likewise, in *Partrick & Wilkins Co. v. Adams*, 456 Pa. 566, 567, 322 A.2d 341, 342 (1974), in which the trial court entered an adjudication which included findings of fact and conclusions of law, and a "final decree" ordering the defendants to comply with an agreement, the supreme court vacated the decree and remanded because the parties had been deprived of their opportunity to file exceptions.

¶ 15 Similarly, in *Community Sports, supra*, the chancellor entered an order enjoining the corporate defendant from using a particular basketball player during the 1967–1968 season, and stated in his opinion accompanying the order that he would not enter a *decree nisi*. The supreme court refused to quash the appeal, instead stating that "the lower court has so completely failed to comply with the rules of civil procedure that its present decree is but a nullity, and therefore must be vacated." *Community Sports, supra* at 413–14, 240 A.2d at 492. The court explained that appellants' failure to file exceptions must be excused because appellants might justifiably have relied on the chancellor's statement that no *decree nisi* would be filed, so that appellants' only remedy was a direct appeal. *See also Slotsky v. Gellar*, 455 Pa. 148, 314 A.2d 495 (1974) (quashing as premature an appeal from an adjudication made orally in open court before the adjudication had been transcribed, a court *en banc* had passed on any exceptions, or the prothonotary had entered the adjudication as final; remanding in the interests of justice to allow appellant a reasonable opportunity to file exceptions).

¶ 16 Finally, in *Derry Township*, the order appealed from, which was governed by former Pa.R.Civ.P. 1518, contained no findings of fact, conclusions of law, or any indication that it was a *decree nisi* or that parties were required to file exceptions to perfect their right of appeal, as required by Rule 1517. As a result, our supreme court stated:

> There is nothing on the face of the order which would indicate that it is anything other than a final order and, as such, *the requirements of Rule 1518 are not applicable*. When the court's order neither comports with the requirements of Rule 1517 nor indicates on its face that the order is a decree nisi, it should not be presumed that exceptions must be filed in order to preserve a right of appeal.

*Derry Township, supra* at 41–42, 351 A.2d at 611 (emphasis added). The *Derry Township* court then addressed the Township's issues on the merits. *Id.*

¶ 17 This court relied on both the *Community Sports* and *Derry Township* lines of cases in *Donegal Mutual, supra,* one of the cases on which this court relied in its *Lane Enterprises* opinion, discussed *supra.* In *Donegal Mutual,* a case decided after Rule 1518 was rescinded, an *en banc* panel of this court was asked to decide whether the trial court abused its discretion when it permitted appellant to file post-trial motions *nunc pro tunc* after this court quashed as premature an appeal from an order in a declaratory judgment action. The order from which the appeal

had been taken "appeared to be a final order; it contained no reference to the filing of exceptions and found in favor of Donegal and against State Farm. Judgment was entered, upon praecipe, in accordance with the trial court's decision." *Donegal Mutual,* 546 A.2d at 1213.

¶ 18 In deciding that the trial court did not abuse its discretion, the *Donegal Mutual* court reviewed the long line of cases excusing failure to file exceptions, noting the two groups, discussed *supra,* in which the court has either addressed the issues on the merits or remanded to require compliance with the Rules. *Id.* (collecting cases). Subsequent to *Donegal Mutual,* this court has continued to follow these two lines. *See Christopher M's Hand Poured Fudge v. Hennon,* 699 A.2d 1272, 1274 (Pa.Super.1997), *appeal denied,* 553 Pa. 686, 717 A.2d 1026 (1998); *Midlake on Big Boulder Lake, Condominium Ass'n v. Cappuccio,* 449 Pa.Super. 124, 673 A.2d 340, 340 n. 1 (1996), *appeal denied,* 544 Pa. 684, 679 A.2d 230 (1996); *Winkelman,* 614 A.2d at 719; and *Altomare v. Altomare,* 355 Pa.Super. 391, 513 A.2d 486, 487 n. 1 (1986), *appeal denied,* 514 Pa. 623, 522 A.2d 49 (1987) (all addressing the issues on the merits).[4] *See also In re J.J.F.,* 729 A.2d 79, 82 (Pa.Super.1999); *In re Adoption of C.R.V.,* 408 Pa.Super. 386, 596 A.2d 1141, 1142–1143 (1991); *In re Adoption of Hamilton,* 362 Pa.Super. 249, 523 A.2d 1176, 1178–1179 (1987); *Miller v. Miller,* 359 Pa.Super. 183, 518 A.2d 841, 843 (1986); *Cornell v. D'Italia,* 287 Pa.Super. 233, 429 A.2d 1186, 1188–1189 (1981) (all vacating and remanding).[5]

---

4. We also recognize authority which states, in effect, that a party cannot benefit from a trial court's failure to follow the technical requirements of Rule 1517. *Commonwealth v. Sal-Mar Amusements,* 428 Pa.Super. 321, 630 A.2d 1269, 1272 (1993), citing *Matter of Estate of Ross,* 316 Pa.Super. 36, 462 A.2d 780, 785 (1983). In both of those cases, however, the purpose of Rule 1517(a) had been fulfilled because the aggrieved party did file post-trial motions and the court's adjudication provided an adequate record for appellate review.

5. As a review of these cases indicates, the procedural misstep excusing failure to file post-trial motions most often occurs in actions in equity, where the relief available and the chancellor's powers are broad. Actions at law, in contrast, are more clearly defined, and final, appealable matters generally arise at the conclusion of trial. *Lane Enterprises* and *Plowman* are both examples of such proceedings. Nevertheless, we can conceive of a similar procedural misstep in an action at law, where, for example, the trial court enters judgment before an aggrieved party has an opportunity to file post-trial motions.

¶ 19 Thus, the question becomes whether the supreme court intended to abrogate 30 years of precedent, grounded in the interests of justice, when it entered its *per curiam* order in *Lane Enterprises*. Our review of the cases on which the *Lane Enterprises* court relied convinces us that the supreme court did not so intend.

¶ 20 *Benson v. Penn Central Transp. Co.*, 463 Pa. 37, 342 A.2d 393 (1975), was an action at law in which appellant did not file post-trial motions following a jury verdict. The supreme court found that defendant had not preserved its issues for appellate review and therefore reversed this court, which had addressed the issues on the merits. *Id.* at 41, 342 A.2d at 395. The supreme court then set forth in a footnote both the cases in which it had refused to review issues not presented to the trial court and the rationale for its refusal. *Id.* at n. 6, n. 7, 342 A.2d at 395 n. 6, n. 7, quoting *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 258–259, 322 A.2d 114, 116–117 (1974) (other citations omitted). *Benson*, therefore, stands for the proposition that following the straightforward entry of a verdict, decision, or non-suit in a jury or a non-jury trial, the supreme court will require the aggrieved party to seek relief in the trial court to preserve appeal rights.

¶ 21 *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125 (Pa.1993), the other case cited in *Lane Enterprises*, is a case based on the Rules of Criminal Procedure before they were amended to allow for optional, rather than mandatory, post-sentencing motions. Pa.R.Crim.P. 1410(B)(1)(c). The only common thread running through *Benson*, *Metz*, and *Lane Enterprises* therefore appears to be that in each of those cases, this court improperly addressed issues that had been waived by appellant's failure to file a post-trial motion: none of the cases, however, involves failure to file a post-trial motion where no reason excused the failure. As a result, we conclude that

the supreme court in *Lane Enterprises* was not contemplating the *Storti* types of cases when it entered its *per curiam* order. To the extent that this court's opinion in *Plowman, supra*, calls into question established practice in those rare instances in which the trial court's misstep results in an ambiguous order, it is therefore expressly overruled.

¶ 22 Having concluded that *Lane Enterprises* does not abrogate prior precedent, we must next decide whether *Storti* and its progeny allow us to forgive Roush's failure to file post-trial motions under the procedural facts of this case. We note that the trial court's disposition is in narrative form and contains limited findings of fact with little or no reference to the evidence relied upon. Additionally, the adjudication does not include a *decree nisi*. Instead, the court "entered an order which did not suggest by its express language or by necessary implication that the order was not intended to be final." *Donegal Mutual*, 546 A.2d at 1214. It declares the contract for the sale of land null and void and requires Roush to transfer ownership of the property to Matula. It also requires Matula to reimburse Roush for certain sums, less sums Roush received to which Matula was entitled.

¶ 23 Furthermore, the order is neither entitled a *decree nisi* nor does it indicate that post-trial motions are required. *See Altomare*, 513 A.2d at 487 n. 1 ("when an order neither comports with the requirements of Pa.R.C[iv].P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal, the failure to file exceptions will be excused"), citing *In re Estate of Dorone*, 349 Pa.Super. 59, 502 A.2d 1271, 1274 (1985), *affirmed*, 517 Pa. 3, 534 A.2d 452 (1987). Based on our review of the cases we have already discussed, we therefore conclude that dismissal would be improper.[6] As a result, we must decide whether

---

6. We reject Roush's argument, however, that the statement of matters complained of he

filed pursuant to Pa.R.App.P.1925(b) preserved his issues because it allows effective

we should address the merits of Roush's appeal or remand to allow the trial court to enter a proper *decree nisi* and to allow Roush the opportunity to file post-trial motions.

¶ 24 This court has attempted on several occasions to reconcile or distinguish the cases in which, finding no waiver, we address the merits of appellant's issues, from cases in which we remand. *See C.R.V.*, 596 A.2d at 1142–1143; *Hamilton*, 523 A.2d at 1178–1179; *Cornell*, 429 A.2d at 1188–1189. In the cases in which this court has addressed the merits of the appeal, the court was responding to the contention that the appellant had waived the issues on appeal by failing to file exceptions, but concluded that a sufficient record existed to address the merits. " 'The remand cases, on the other hand, are more concerned about the completeness of the decree and the possibility of meaningful appellate review.' " *C.R.V.*, 596 A.2d at 1142, quoting *Hamilton*, 523 A.2d at 1178.

¶ 25 In this case, Matula claimed that Roush waived his issues on appeal by failing to file post-trial motions. We find, however, that meaningful appellate review is not possible. Neither the trial court's opinion accompanying its August 11, 1998 order nor its 1925(a) opinion addresses an argument Roush raises in his first issue: whether the trial court erred in *sua sponte* incorporating evidence presented at an earlier hearing into the hearing held on the complaint seeking to set aside a conveyance, despite Roush's motion to dismiss this case because Matula presented no evidence at the second hearing.[7] Because review of the trial court's disposition of Matula's complaint seeking to set aside a conveyance requires resolution of Roush's first issue, we find that remand is necessary.

¶ 26 As a result, we vacate the order entered by the trial court and remand to allow both the trial court and Roush to comply with the Rules of Civil Procedure. Jurisdiction is relinquished.

¶ 27 DEL SOLE, J. files a Dissenting Opinion which is joined by JOHNSON, ORIE MELVIN, and LALLY–GREEN, JJ.

DEL SOLE, J., dissenting.

¶ 1 I dissent. On July 13, 1998, the parties appeared before the Chancellor for trial. Prior to beginning the trial, the court ruled on cross motions for Summary Judgment. It granted summary judgment in favor of the Additional Defendant, and denied Appellant's motion. Following a short recess, the trial began with Appellant calling one witness. After her testimony, the trial judge advised that he was incorporating the transcripts from the prior hearings unless there were objections. None were made. N.T., July 13, 1998, at 37–38.

appellate review. (Appellant's brief at 11, citing *Jara v. Rexworks*, 718 A.2d 788 (Pa.Super.1998), *appeal denied*, 558 Pa. 620, 737 A.2d 743 (1999).) Appellant's argument fails to consider the primary purpose of post-trial motions, which is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." *Soderberg*, 687 A.2d at 845 (citations omitted). We also find *Jara* inapposite as the issue the *Jara* court addressed involved the non-aggrieved party's failure to file a *cautionary* post-trial motion. *Jara*, 718 A.2d at 792.

7. The trial court's findings of fact and conclusions of law in its August 11, 1998 opinion and order are predicated on evidence presented at an earlier hearing held to determine whether to continue a preliminary injunction. At that hearing, Matula bore the burden of showing "an urgent necessity for interim relief before the case [could] be heard on the merits." *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 522 A.2d 1129, 1131 (1987) (citation omitted). At the hearing addressing the issues in this appeal, however, Matula was required to show by clear and convincing evidence that Roush exerted undue influence. *In re Estate of Glover*, 447 Pa.Super. 509, 669 A.2d 1011, 1015 (1996), *appeal denied*, 547 Pa. 728, 689 A.2d 233 (1997). Roush raised the issue of trial court error in denying his motion to dismiss in his statement of matters complained of on appeal. (R. at 40.)

¶ 2 On August 11, 1998, the trial judge filed a comprehensive Opinion and Order, determining the facts, discussing the applicable law, and resolving the matter. Unlike the Majority, I find that this Opinion meets the requirements of Pa.R.C.P. 1517(a) which reads:

   (a)  The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form *or* in separate findings, of all the facts necessary to be known in order to determine the issues: (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

Pa.R.C.P. 1517(a) (emphasis added). Other than failing to label the order a decree nisi, the Chancellor complied fully with Rule 1517.[8]

¶ 3 The Rules of Civil Procedure require the filing of post-trial motions following a decision. Specifically, Rule 227.1(c) provides:

Post–Trial motions shall be filed within ten days after

. . .

(2) notice of nonsuit or the filing of the *decision or adjudication* in the case of a trial without a jury or equity trial.

Pa.R.C.P. 227.1(c) (emphasis added).

¶ 4 This rule does not make a specific reference to a decree nisi. Whether the action is filed at law or in equity, Rule 227.1 expressly requires the filing of post-trial motions. As noted by the Majority, "Rule 227.1 was enacted to abolish the distinctions in post-trial practice between actions at law and equity and actions tried with or without a jury." Majority Opinion at 975. The Majority's decision erodes the import of Rule 227.1, and relieves counsel of the responsibility to apprise the trial court of any errors it may have made. Like any other error below, if not raised, it is waived on appeal. *Christopher M's Hand Poured Fudge, Inc. v. Hennon*, 699 A.2d 1272 (Pa.Super.1997). "The rationale for this requirement of strict compliance is 'to maximize our efficiency and enhance the quality of our dispute resolution process'". *Matthews v. Joines*, 700 A.2d 1322 (Pa.Super.1997) (quoting *Tagnani v. Lew*, 493 Pa. 371, 376, 426 A.2d 595, 597 (1981)). I find the Majority's reasoning for overlooking the failure to comply with Pa. R.C.P. 227.1 is unsound as it elevates form over substance, a concept this Court has uniformly abhorred.

¶ 5 The Majority, despite its acknowledgement that Rule 227.1 rescinded equity post-trial practice rules with the purpose of abolishing any distinction between actions at law and equity, relies on cases which apply the rationale of decisions reached under the former equity rules. In reliance on *Donegal Mutual Ins. Co. v. State Farm*, 377 Pa.Super. 171, 546 A.2d 1212 (1988) and *Altomare v. Altomare*, 355 Pa.Super. 391, 513 A.2d 486 · (1986), the Majority concludes dismissal would be improper because the instant "order is neither entitled a *decree nisi* nor does it indicate that post-trial motions are required" and " 'did not suggest by its express language or by necessary implication that the order was not intended to be final.' " Majority Opinion, at 978, citing *Donegal Mutual*, 546 A.2d at 1214. Nothing in Rule 1517(a) requires the court's adjudication to be in a particular form or indicate that post-trial motions are required. Rule 227.1 was specifically enacted to serve this function of notifying the parties and their counsel of the procedure to be followed upon conclusion of trial. Ostensibly the Majority distinguishes our Supreme Court's holding in *Lane Enter-*

---

8. Trial courts are reminded that when conducting equity trials, the initial adjudication should be labeled a decree nisi.

*prises*[9] on the basis that actions at law as opposed to equity "are more clearly defined, and final, [with] appealable matters generally aris[ing] at the conclusion of trial." Majority Opinion at 977 fn.5. I find the procedural posture of this matter is indistinguishable from *Lane Enterprises*. Unlike the cases cited by the Majority, the trial court here took no definitive action that either precluded Appellant from filing a motion for post-trial relief or engendered confusion. In fact, Appellant does not even suggest that he was misled by the court or was not given an opportunity to file for post-trial relief.

¶ 6 Further, I note that Appellant, in his Brief on Reargument, concedes that post-trial motions were necessary. He does not seek to avoid waiver because the trial court created procedural confusion that placed him on the "horns of a dilemma" about whether an appeal or post-trial motions should be filed. Rather, he claims that the post-trial function was satisfied because he filed a 1925(b) Statement of Matters Complained of on Appeal to which the trial court filed an opinion. He relies on this court's decision in *Jara v. Rexworks*, 718 A.2d 788 (Pa.Super.1998). Appellant's Brief on Reargument at 10–11. I agree with the Majority's analysis on the inapplicability of *Jara*, as set forth in footnote 6 on page 978–79 of its opinion. Since Appellant failed to file post-trial motions, I would find the issues waived.[10] *Benson v. Penn Central*, 463 Pa. 37, 342 A.2d 393 (1975).

¶ 7 JOHNSON, ORIE MELVIN, and LALLY–GREEN, JJ., join.

9. *Lane Enterprises v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998), and *L.B. Foster Co. v. Lane Enterprises, Inc.*, 551 Pa. 307, 710 A.2d 55 (1998).

10. Appellant, an attorney, represented himself at all stages of the matter before the trial court. Current counsel entered his appearance and filed this appeal long after the time expired for filing post-trial motions.