J-A06043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| LYDIA HOOVER AND LONIE MAE SNOBERGER, N/K/A LONIE M. MCDONALD, CO-EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CLAIR A. SNOBERGER, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : : | |
| CHARLES A. SMITH, JR., SHIRLEY M. SMITH, HUSBAND AND WIFE; TYLER J. SMITH, AND NATALIE C. SMITH, HUSBAND AND WIFE; LYLE R. SMITH AND DAWN S. SMITH, HUSBAND AND WIFE; AND LANE SMITH, | : : : : : : : : | |
| Appellees | : | No. 1452 WDA 2017 |

Appeal from the Order Entered September 6, 2017
in the Court of Common Pleas of Blair County
Civil Division at No(s): No. 2016 GN 2844

BEFORE:    BENDER, P.J.E, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 13, 2018**

Lydia Hoover and Lonie Mae Snoberger (the Snobergers) appeal from the September 6, 2017 order dismissing the Snobergers' complaint for injunction.  We affirm.

This appeal arises from a dispute between the Snobergers and Charles Smith, Jr., Shirley Smith, Tyler Smith, Natalie Smith, Lyle Smith, Dawn Smith, and Lane Smith (the Smiths) over the use of and width of Seneca Lane.  The Snobergers utilize Seneca Lane as the sole means of ingress and egress to

_____

*Retired Senior Judge assigned to the Superior Court.

their property; the Smiths live along and own property adjacent to and under Seneca Lane. On September 16, 2016, the Snobergers filed a complaint for injunction to prevent the Smiths "from interfering with the [Snobergers'] ability to transport necessary farm equipment to harvest the crops growing on [the Snobergers'] land[,]" and "to prevent [the Smiths] from imposing [their] width limitation[.]" Complaint for Injunction, 9/16/2016, at ¶¶ 7, 11.

On October 20, 2016, the trial court issued an order (1) granting a preliminary injunction enjoining the Smiths from interfering with the Snobergers' use of Seneca Lane as it currently existed; (2) allowing each party the opportunity to conduct a survey of Seneca Lane; and (3) scheduling an evidentiary hearing on the complaint for injunction.

The Snobergers filed an amended complaint for injunction on January 20, 2017, and the Smiths responded with answers and new matter on February 14, 2017, and February 16, 2017.

The trial court held evidentiary hearings on January 31, February 16, February 17, and April 10, 2017, at which the Snobergers and the Smiths presented testimony and evidence. The Snobergers argued that "they are entitled to widen Seneca Lane because it is a private road." Trial Court Opinion, 9/6/2017, at 7. On September 6, 2017, the trial court denied the Snobergers' complaint and amended complaint for injunction, and found that: (1) "[the Snobergers] have a prescriptive easement over Seneca Lane[;]" (2) "[t]he present width of the roadbed of Seneca Lane represents the width of

- 2 -

the prescriptive easement[;]" and (3) "[the Smiths] have no legal right to impede the [Snobergers'] use of their prescriptive easement [for ingress and egress to their property.]" *Id.* at 9-10.

On September 22, 2017, the Snobergers filed post-trial motions. On October 3, 2017, before the trial court ruled on the post-trial motion, the Snobergers filed a notice of appeal.[1] The Snobergers present the following issues for our consideration.

> [1.] Did the trial court err or misapply the law by failing to follow the [o]pinion and [d]ecree of Judge Baldridge as to ownership of the roadway?
>
> [2.] Did the trial court err or misapply the law in concluding that [the Snobergers] have a prescriptive easement over Seneca Lane?
>
> [3.] Did the trial court err or misapply the law in concluding that the present width of the roadbed of Seneca Lane represents the width of the prescriptive easement?

The Snobergers' Brief at 4.

Before we reach the merits of the Snobergers' claims, we must determine whether the claims were preserved.

Pennsylvania Rule of Civil Procedure 227.1 provides that post-trial motions must be filed within ten days, and that any issues not raised timely are waived. Pa.R.C.P. 227.1(b)(2), (c). Here, the Snobergers filed post-trial

---

[1] The trial court did not order the Snobergers to file a Pa.R.A.P. 1925(b) statement; however, the trial court complied with Pa.R.A.P. 1925(a) by issuing a statement indicating its reliance on its September 6, 2017 opinion and order.

motions on September 22, 2017, more than ten days after the September 6, 2017 trial court order.[2] Thus, to the extent the Snobergers were required to file post-trial motions, the issues are waived.

The Snobergers argue that pursuant to **Chalkey v. Roush**, 757 A.2d 972 (Pa. Super. 2000) (*en banc*), they did not have to file post-trial motions. The Snobergers' Response to Rule to Show Cause, 12/1/2017 (citing **Chalkey**, 757 A.2d at 978, for the proposition that an appeal should not be dismissed for failure to file post-trial motions where the order appealed from was "neither entitled a *decree nisi* nor [] indicate[d] that post-trial motions [were] required"). The Snobergers are incorrect, because the exception they rely upon does not apply to future cases. In fact, our Supreme Court held specifically that

> pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure, parties are required to file post-trial motions from a trial court's order following a trial in both actions at law and in equity in order to properly preserve issues that they wish to raise on appeal, [but] we also find that this rule shall be applied prospectively only.
>
> ***
>
> [W]e find that there is no excuse for a party's failure to file post-trial motions from a trial court's order following an equity trial… With this unequivocal rule, there is no danger that parties will be confused as to whether they should file post-trial motions or proceed directly to an appeal from an order entered by a trial court in an action in equity.

---

[2] However, the Snobergers filed their notice of appeal within 30 days of the trial court's September 6, 2017 order in this case. Thus, we have jurisdiction to entertain the appeal.

***Chalkey v. Roush***, 805 A.2d 491, 492, 496-97 (Pa. 2002) (some citations and footnotes omitted).

Moreover, the hearings in this case had all the hallmarks of a trial. ***See City of Philadelphia v. New Life Evangelistic Church***, 114 A.3d 472, 478 (Pa. Cmwlth. 2015) (emphasis omitted) (summarizing ***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.***, 52 A.3d 1233, 1247 (Pa. 2012)) ("Thus, the Supreme Court, while recognizing that not all court proceedings constitute "trials" for the purpose of Pa. R.C.P. [] 227.1, nevertheless signaled that a hearing that bears the hallmarks of a trial by requiring or admitting, or []offering a party the opportunity to present additional evidence*,* does constitute a 'trial' for the purposes of Pa. R.C.P. [] 227.1[.]"). Accordingly, we conclude that timely-filed post-trial motions were required. Because the Snobergers failed to file timely post-trial motions, all claims are waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/13/2018