J-A10031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MORGAN NATTIEL, A MINOR, BY HARRY R. LEVIN, ESQUIRE | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| PRESBYTERIAN CHILDREN'S VILLAGE CORPORATION AND PRESBYTERIAN CHILDREN'S VILLAGE SERVICES, | : : : : | No. 1435 EDA 2017 |
| Appellants | : : : : : : : | |
| v. | : : : : | |
| SOCIAL WORK P.R.N. | : | |

Appeal from the Judgment  Entered March 27, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2013, No. 01371

BEFORE:  GANTMAN, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 09, 2018**

Appellants, Presbyterian Children's Village Corporation ("PCV Corporation") and Presbyterian Children's Village Services ("PCV Services"), appeal from the Judgment in favor of Appellee, Morgan (Briana) Nattiel, a minor, by Harry R. Levin, Esq. her guardian *ad litem*, and against PCV Corporation.  Because PCV Corporation failed to file Post-Trial Motions to preserve issues for appellate review, and the trial court discontinued the case against PCV Services, we quash this appeal.

Given the manner in which we dispose of this appeal, we provide only a brief summary of the background underlying the matter. On November 14, 2013, Appellee initiated a negligence action against three related Presbyterian Children's Village ("PCV") entities—PCV Corporation, PCV Services, and PCV Foundation—for damages sustained from sexual abuse she suffered while in foster care.[1]

On October 17, 2016, prior to the commencement of trial, counsel and the court engaged in a discussion on the record regarding Appellants' interest in "streamlin[ing] the caption" in light of the fact that three of the defendants were PCV related entities. N.T. Trial, 10/17/16, at 6-7. Appellants' counsel stated to the court that the only party who provided services in this case was PCV Services and they were also the named insured on the insurance policies. *Id.* Appellants' counsel represented that "the other two corporations had nothing to do with the services rendered." *Id.* at 6. Appellee's counsel wanted to be certain that the proper party was named so that it did not adversely affect the insurance coverage. *Id.* at 7. The parties agreed that "for the purposes of at least today" they would refer to only a single defendant—Presbyterian Children's Village and/or Village. *Id.*

---

[1] On May 16, 2014, the trial court entered an Order permitting the joinder of Social Work, P.R.N. as an additional defendant, and on June 2, 2014, PCV Services, PCV Foundation, and PCV Corporation filed a Joinder Complaint. Almost two years later, on October 24, 2016, the trial court granted a compulsory non-suit in favor of Social Work, P.R.N. Social Work, P.R.N. is not a party to this appeal.

The parties, however, did not enter into a stipulation dismissing any PCV entity or file a motion amending the case caption.

On October 27, 2016, the jury returned a verdict in favor of Appellee.[2] The next day, October 28, 2016, the trial court entered an Order, which, relevant to the instant appeal, contained a notation reflecting the erroneous discontinuance of the action against PCV Services and PCV Foundation. The trial court then recorded the verdict against "PCV." Since the trial court had discontinued the cases against PCV Services and PCV Foundation, only PCV Corporation remained as a defendant and was, thus, the party against whom the trial court entered the verdict.

No one challenged in Post-Trial Motions the trial court's error of October 28, 2016, discontinuing the case against PCV Services and PCV Foundation. Rather, PCV Corporation did nothing and PCV Services, who filed Post-Trial Motions, did not raise the error.

The trial court denied PCV Services' Post-Trial Motion on March 27, 2017.[3] The court entered Judgment against "PCV Corporation" that same day.

---

[2] The Jury Questionnaire referred to the defendants as Presbyterian Children's Village and PCV.

[3] The trial judge retired prior to the assignment of the Post-Trial Motion. Trial Ct. Op., 6/9/17, at 2 (unpaginated).

On April 24, 2017—six months after the trial court discontinued the action against PCV Services and entered a verdict against PCV Corporation—PCV Services and PCV Corporation filed an Emergency Petition to Amend the Order Entering Judgment. In the petition, they addressed, for the first time, the trial court's error in discontinuing the case against PCV Services and entering Judgment against PCV Corporation. Appellants requested that the court vacate the Judgment against PCV Corporation and enter judgment against PCV Services.[4] The trial court denied the Motion to Amend.

PCV Services and PCV Corporation filed this timely appeal from the March 27, 2017 entry of Judgment.[5] The court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. The court filed a Rule 1925(a) Opinion on June 9, 2017.

Appellants raise nine issues on appeal. Before reaching the merits of those issues, however, we address whether Appellants' have preserved them for our review.

**PCV Corporation's Appeal**

Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part that in the case of a jury trial, a party must file post-trial motions within ten days after the verdict. Pa.R.C.P. 227.1(c)(1). "Failure to raise an issue in a

---

[4] Appellee did not respond to the Motion to Amend.

[5] Appellants note that, as a protective measure, both PCV Services and PCV Corporation have taken the instant appeal. Appellants' Brief at 1 n.1

post-trial motion waives appellate review of the claim." ***Bensinger v. Univ. of Pittsburgh Med. Ctr.***, 98 A.3d 672, 682 (Pa. Super. 2014) (citation omitted). ***See also Lane Enterprises, Inc. v. L.B. Foster Co.***, 710 A.2d 54, 54 (Pa. 1998) (citations omitted) ("If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.").

In this case, the trial court entered the verdict against PCV Corporation on October 28, 2016. PCV Corporation failed to file Post-Trial Motions and, thus, PCV waived its challenge to the trial court's order discontinuing the case against PCV Services and PCV Foundation and entering a verdict against PCV Corporation.[6]

### PCV Services' Appeal

It is axiomatic that only an aggrieved party has standing to take an appeal from a lower court order. ***See*** Pa.R.A.P. 501 (permitting any "aggrieved party" to file an appeal). "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken."

---

[6] The purpose of Post-Trial Motions is for the parties to notify the trial court of errors such as these, and "to provide the trial court with the first opportunity to review and reconsider its earlier rulings and correct its own error[]" before entering judgment. ***Chalkey v. Roush***, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*) (citation omitted). In this case, PCV Corporation failed to recognize that the trial court erred in dismissing PCV Services until after the trial court had entered judgment and, thus, did not raise the error in its Post-Trial Motion. By not raising the error in its Post-Trial Motion, PCV Corporation failed to provide the trial court with the opportunity to fix the error.

***Ratti v. Wheeling Pittsburgh Steel Corp.***, 758 A.2d 695, 700 (Pa.Super. 2000).

In this case, the trial court entered Judgment against PCV Corporation, not PCV Services. Therefore, PCV Services is not aggrieved by the decision of the trial court to enter Judgment against PCV Corporation and does not have standing to appeal from the March 27, 2017 Judgment.[7]   Pa.R.A.P. 501.

Appeal quashed.

Judge McLaughlin joins the memorandum.

President Judge Gantman notes dissent.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/18

---

[7] In its Post-Trial Motion, PCV Services argued that the trial court should order a new trial or enter judgment in favor of Appellants because: (1) there were errors in *voir dire*; (2) the amount of compensatory damages was excessive; (3) the jury interrogatories were confusing and misleading, and misstated the law; (4) the court erred in permitting Appellee's expert to testify that Appellant's conduct was "reckless;" (6) the evidence was insufficient to support an award of punitive damages; and (7) the jury's verdict "was infected by the consideration of punitive damages where the evidence did not support such an award."  Post-Trial Motion, 11/7/16.  We find these issues, and the additional issues raised by Appellants in this appeal, meritless and, if we had jurisdiction over this appeal, would affirm the trial court.