441 A.2d 422

NAUS & NEWLYN, INC.,

v.

**Andrew M. MASON and Andrew M. Mason Associates, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Feb. 5, 1982.

Neil G. Epstein, Philadelphia, for appellants.

W. Richard Gentry, West Chester, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

PER CURIAM:

Appellee Naus & Newlyn, Inc. (hereafter referred to as "N & N") is a management consulting firm, specializing in the field of cost reduction for business. Appellant Mason, a management consultant entered into discussions with N & N concerning possible employment with it. Mason accepted employment with N & N and signed an employment agreement dated one week after he commenced such employment. The employment contract contained a provision prohibiting Mason, after leaving N & N, from using "confidential information" and barring him from competing with N & N, for one year, in New York, New Jersey or Pennsylvania. Mason also was prohibited from soliciting or taking employment with N & N's clients, past or present.

Mason worked his way up the corporate ladder of N & N and eventually became president of the company. A Share Purchase Agreement was executed by Naus, founder of the company, who held all outstanding capital stock of the corporation; Mason purchased 4,000 shares of non-voting stock. The agreement restricted the transfer of the stock. The corporation subsequently elected to be taxed as a small business corporation; and recapitalized its structure for such purpose. Mason received 4,000 shares of common stock in

exchange for his non-voting stock. The new stock certificate did not indicate that transfer of the stock was restricted.

Mason was terminated for reasons not pertinent to this appeal; he refused a redemption of his stock. Mason subsequently started his own management consulting firm, Mason Associates, Inc. (hereafter referred to as Associates) and hired several N & N employees. Mason contacted a number of companies which had been or were current clients of N & N. N & N filed a complaint in equity seeking to enjoin Mason and Associates from continuing correspondence with N & N's customers. The originally scheduled hearing was postponed at appellant's request. The parties entered into an Interim Order continuing the hearing and providing that appellants would be enjoined and restrained from contacting N & N's customers until the rescheduled hearing. After several days of testimony in an Order dated November 20, 1978, the court preliminarily enjoined and restrained appellants from submitting a bid to the Minnesota State Hospital System. N & N was required to post a bond as security. In a subsequent order of December 20, 1978, without further testimony, the court enjoined appellants from: soliciting the business of any of N & N's past or present customers until July 25, 1979; from disclosing or using, until that time, any confidential information or trade secrets acquired during Mason's or the Associates' employees tenure with N & N; and conveying, selling, encumbering or transferring N & N stock held by Mason. The court continued the bond. In a Supplemental Order, dated December 26, 1978, the court defined the term "customer".

Mason and Associates have appealed from these various orders. Appellants raise five issues. Due to our disposition of appellants' first contention, we need not address the remaining issues.

Appellants' first argument goes to the nature of the proceedings. They complain that the court in making definitive findings of fact and legal conclusions transformed what was supposed to be a preliminary injunction proceeding into a final hearing on the merits. Appellants contend, that

believing the hearing was of a preliminary nature they did not object to the lack of time to prepare their case thoroughly. They assumed the hearing was to preserve the status quo and that there would be adequate time for discovery before the hearing on the final order.

"It [is] improper for the trial judge to treat the hearing on an application for a preliminary injunction as a final hearing on the merits and as a basis for final decree unless so stipulated by the parties: *Northvue Water Company, Incorporated v. Municipal Water and Sewer Authority of Center Township, Butler County*, 7 Pa.Commonwealth Ct. 141, 145, 298 A.2d 677, 679 (1972)." *Raw v. Lehnert*, 238 Pa.Superior Ct. 324, 327 n.1, 357 A.2d 574, 575 n.1 (1976).

During the third day of the hearing the court inquired of the parties whether they would agree to proceed with the hearing as if it was for a permanent injunction. Counsel for N & N indicated that the question of damages still remained to be resolved in a "full-blown hearing". Appellants' counsel, while agreeing that a re-hearing on many of the same issues would be a waste of resources and time, expressed concern that "there are very substantive rights involved". Counsel indicated he wished to discuss the matter with his client Mason and then with opposing counsel. (N.T. 307–309). There is no further discussion on the record of converting the hearing into a proceeding for a permanent injunction.

First, we must determine whether the lower court's decree was in the nature of a preliminary injunction or a permanent injunction. The label attached by the trial court, to the proceedings and the relief resulting therefrom, is not controlling in determining whether the proceedings were for a preliminary injunction or a permanent injunction. See *Walker v. O'Bannon*, 487 F.Supp. 1151 (W.D.Pa.1980), affirmed 624 F.2d 1092 (3rd Cir.) (1980). The purpose behind the issuance of a temporary injunction is to preserve the status quo as it exists or previously existed before the acts complained of, preventing irreparable injury or gross injustice which requires instant injunctive relief. *Slott v. Plastic Fabricators, Inc.*, 402 Pa. 433, 167 A.2d 306 (1961); *North*

*Penn Gas Co. v. Mahosky,* 250 Pa.Superior Ct. 366, 378 A.2d 980 (1977). Reviewing the order of the lower court, we find that its order went beyond merely preserving the status quo to the point where the relief granted was the final relief.*

The injunction against conveyance or encumbering N & N stock "until the further order of this Court," is in the spirit of a temporary injunction as it is a stop-gap measure designed to allow for further detailed proceedings. In contrast, the enjoining of solicitation and disclosure of any confidential information or trade secrets until July 25, 1979 is not an interim measure in the current circumstances. By its order of December 20, 1978, in conjunction with the consent interim order of October 20, 1978, and Mason's termination on July 25, 1978, the court acknowledged the validity of the restrictive covenants contained in the parties' employment contract. Such a ruling vitiated the need for a final decree on the merits; interfering with various opportunities available to both parties (such as appellants' claim pertaining to discovery). See *Northvue W. Co. v. Mun. W. & S.A. of Cent. T.,* 7 Pa.Commonwealth Ct. 141, 298 A.2d 677 (1972).

> It is improper to treat the hearing on the application for a preliminary injunction as a final hearing on the merits and as the basis for a final decree, even though counsel do not contemplate the taking of further testimony in the case, unless the parties stipulate that it may be so treated. Thus, it has been held to be premature upon a motion for a preliminary injunction, where no replication has been filed and the case has not been set down for hearing upon the pleadings and answer, to decide the case upon the pleadings, answer, and injunction affidavits as if on final hearing and to grant the permanent relief asked for in the pleadings if the facts are in dispute. 8 Standard Pennsylvania Practice, Chapter 36 § 106 (footnotes deleted).

Without reviewing the merits of the relief granted, we find that the lower court exceeded its authority in granting

---

* The only relief denied N & N was a final determination concerning the stock and an assessment of damages, however this absence does not convert a permanent injunction into a temporary one.

such relief.  We vacate the orders of the lower court and remand the record for proceedings not inconsistent with this opinion.