522 A.2d 1129

**Edward SOJA and Barbara Soja, His Wife**

v.

**FACTORYVILLE SPORTSMEN'S CLUB, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed March 16, 1987.

474

Steven J. Shiffman, Harrisburg, amicus curiae.

James E. Davis, Tunkhannock, for appellant.

George E. Clark, Scranton, for appellees.

Before CIRILLO, President Judge, and WICKERSHAM *, and KELLY, JJ.

* This case was decided before Judge Wickersham left the bench.

CIRILLO, President Judge:

This case involves an appeal by appellant, Factoryville Sportsmen's Club, of an order holding that appellant's firing ranges constitute a private nuisance, and instituting regulations regarding the operation of appellant's business. For the reasons stated below, we vacate the order and remand the case for further proceedings.

The Factoryville Sportsmen's Club ("the Club") operates shooting ranges on its premises in rural-agricultural Overfield Township, Wyoming County. Plaintiffs Edward and Barbara Soja ("the Sojas") reside in a dwelling situated on fifty-five acres of land. The home is located approximately one hundred yards from a clubhouse on the Club's premises. On July 5, 1984, the Sojas brought a suit in equity, seeking to enjoin the continued operation of the Club's shooting ranges. Preliminary objections to the original complaint were sustained in part. The Sojas then filed an amended complaint, asserting that the Club constituted a nuisance which should be enjoined, or which entitled the Sojas to monetary damages. Following a hearing on September 4, 1984, the trial court issued findings of fact, conclusions of law, and a decree nisi, declaring the unsupervised operation of the club to constitute a private nuisance. The decree included certain restrictions on Club operation: the court restricted the shooting season at the Club to the months of April through November, limited the times for shooting to the hours between ten o'clock a.m. and sunset, and prohibited use of the premises by non-members. In addition, the court ordered the Club to install a gate at the entranceway, to maintain a bulletin board at the entrance with a posted monthly schedule of shooting times, to post legible signs on the perimeters of Club property, and to meet with plaintiff Edward Soja for the purpose of producing a comprehensive and reasonable plan for noise reduction. The parties filed post-trial motions, and by order dated January 18, 1986, the decree nisi became final. The trial court stated that its action was based upon the Sojas' request for preliminary injunction and was not intended as

a permanent injunction. The court did not require the plaintiffs to post a bond. The Club then appealed to this court.

On appeal, the Club raises five issues: (1) whether the trial court improperly granted injunctive relief without requiring the appellee to post a bond; (2) whether the action is barred by the doctrine of laches; (3) whether the plaintiffs presented sufficient evidence to prove that the Club's operation of target and trapshooting ranges constitutes a private nuisance; (4) whether the trial court improperly restricted the questioning of the Club's expert witness; and (5) whether the trial court erred in requiring the Club to produce a comprehensive plan for noise reduction devices. Because we find that the trial court improperly entered a final injunction in response to a request for a preliminary injunction, we need not discuss the individual issues presented by the Club.

■ The purposes of a preliminary injunction are to preserve the status quo and prevent imminent and irreparable harm which might occur before the merits of the case can be heard and determined. *Township of Clinton v. Carmat, Inc.*, 288 Pa.Super. 433, 436, 432 A.2d 238, 239 (1981). It is considered an extraordinary remedy and may only be granted if the plaintiff has established a clear right to the relief sought. *Jostan Alum. Products, Inc. v. Mount Carmel Dist. Indus. Fund*, 256 Pa.Super. 353, 357–58, 389 A.2d 1160, 1163 (1978).

■ A preliminary injunction is usually restrictive or prohibitory but in unusual cases it may go beyond restraint and command action. *Jostan*, 256 Pa.Super. at 358, 389 A.2d at 1163. In either case, its purpose is to preserve the status quo and it should do this by restoring the last peaceable, noncontested status which preceded the controversy. *Shanaman v. Yellow Cab Co.*, 491 Pa. 516, 421 A.2d 664 (1980).

■ The procedural steps which must be followed when a preliminary injunction is sought are enumerated in Rule

1531 of the Pennsylvania Rules of Civil Procedure. Ordinarily, a preliminary injunction may be issued only after written notice and hearing.[1] *See* Pa.R.Civ.P. 1531(a). The question to be determined at this hearing is whether there is an urgent necessity for interim relief before the case can be heard on the merits. *Tentex Products, Inc. v. Kramer*, 330 Pa.Super. 183, 198, 479 A.2d 500, 507 (1984). Before a preliminary injunction may be granted, the plaintiff must file a bond with the prothonotary. *See* Pa.R.Civ.P. 1531(b). This requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff. *Christo v. Tuscany*, 308 Pa.Super. 564, 568, 454 A.2d 1042, 1044 (1982). Therefore, even if the trial court's order was otherwise proper, its failure to require the posting of a bond would mandate our reversal of its decision.

After a preliminary injunction is awarded or denied, the case proceeds for a disposition on the merits. If the plaintiff is requesting permanent injunctive relief, the case is governed by the rules controlling actions in equity. *See* Pa.R.Civ.P. 1517. At any time prior to the final disposition of the matter, either party may request that the preliminary injunction be modified or dissolved. *See* Pa.R. Civ.P. 1531. Often, one of the terms in the preliminary decree is a provision requiring speedy disposition of the case on its merits. *See* 15 Standard Pa.Practice § 83:184. This final disposition is independent of the court's prior determination as to the plaintiff's right to preliminary relief. The denial of a preliminary injunction does not foreclose an order for a permanent injunction. This result is logical because, as noted, the plaintiff's right to preliminary relief is based on the imminence of irreparable harm. How-

1. A preliminary injunction may only be granted without notice and a hearing when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury. The court must make a finding that relief is necessary and must be awarded before the defendant can be notified. *Liberty Corp. v. D'Amico*, 457 Pa. 181, 183, 329 A.2d 222, 223 (1974). A hearing must then be held within five days or the injunction is deemed dissolved. *See* Pa.R.Civ.P. 1531(d).

ever, a court may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law. *Fox-Morris Associates, Inc. v. Conroy,* 460 Pa. 290, 294, 333 A.2d 732, 734 (1975) (Roberts, J., concurring).

■ There is no requirement that a bond be filed in connection with a final injunction. *See* Pa.R.Civ.P. 1531(b). When a final injunction is granted, the court must issue a preliminary decree as mandated by Rule 1517. This order must contain a decree nisi, a statement of the issues, findings of fact and conclusions of law. *Id.*

Appellate courts have consistently held that it is improper for the trial judge to treat a hearing on an application for a preliminary injunction as a final hearing on the merits and as a basis for a final decree unless so stipulated by the parties. *See, e.g., Naus & Newlyn, Inc. v. Mason,* 295 Pa.Super. 208, 211, 441 A.2d 422, 424 (1982); *Crestwood School District v. Topito,* 76 Pa.Commw. 321, 463 A.2d 1247 (1983); *Raw v. Lehnert,* 238 Pa.Super. 324, 357 A.2d 574 (1976).

■ In reviewing an injunctive decree, an appellate court must look to the nature of the relief granted in order to determine whether it was a preliminary or permanent injunction. The label attached by the trial court to the proceedings or the relief granted is not controlling. *Naus,* 295 Pa.Super. at 211, 441 A.2d at 424.

In *Naus,* employee Mason agreed to an employment contract with Naus & Newlyn, Inc. (N & N), barring him from competition with N & N, and from soliciting N & N clients. Mason later started his own company and he contacted several N & N customers. N & N filed a complaint in equity seeking to enjoin such contacts. After a preliminary hearing, the court enjoined Mason from: (1) soliciting the business of any N & N customers; (2) disclosing N & N trade secrets; and (3) transferring any N & N stock which he held. The trial court described its decree as a preliminary injunction. *Id.,* 295 Pa.Superior Ct. at 210,

441 A.2d at 423. On appeal, this court reversed. We held that the trial court's decree was permanent as it went beyond preservation of the status quo. *Id.*, 295 Pa.Superior Ct. at 212, 441 A.2d at 424. The court held that the decree amounted to a final decree on the merits and thus was improper. *Id.* We also noted that the only relief requested by N & N which it did not receive was an assessment of monetary damages. The court specifically stated that the absence of a damage ruling "does not convert a permanent injunction into a temporary one." *Id.* The court also found it persuasive that the trial court issued its order in the form of an adjudication as required by Rule 1517, thus providing a further indication that the order was intended to be a final decree. *Id.*, 295 Pa.Superior Ct. at 210, 441 A.2d at 423.

█ In the instant case, the order was in the form of a Rule 1517 adjudication and the relief granted was final, not preliminary. The court ordered that specific, permanent steps must be taken. The defendant's shooting season was restricted to April through November and the allowable hours for shooting were also restricted. This relief was not of a temporary nature as it was granted on an open-ended, continuing basis. The decree requires that the defendant produce a comprehensive plan for the provision of sound barrier and reduction devices. When such plan is approved by the court, it will replace the above cited relief. However, this does not convert the decree into a preliminary injunction. The court's order constitutes a decision on the merits as it holds the defendant's activity to be a nuisance, thereby resolving the underlying controversy. No showing has been made that the relief granted was necessary to prevent irreparable harm. Also, the decree went far beyond restoring the last peaceable status which preceded the dispute. It amounts to affirmative relief, designed to permanently remedy the situation, instead of an interim measure ordered to protect the parties until a final hearing. Although, the court called its decree a preliminary injunction, we are not bound by such a label. Instead, we must

look to the nature of the relief granted. In doing so, we find that the trial court improperly granted a final injunction in response to a request for a preliminary injunction.

The record discloses no stipulation by the parties agreeing to treat the preliminary hearing as a hearing on the merits. To the contrary, plaintiff's and defendant's counsel each continually referred to the proceeding as being in response to a request for preliminary relief. Defense counsel correctly stated that such relief should only be granted upon a showing of exigent circumstances. (R. 90). In the absence of a stipulation to the contrary, a court may not treat a hearing on application for a preliminary injunction as a final hearing on the merits. *Naus*, 295 Pa.Super. at 211, 441 A.2d at 424.

 It is inappropriate to integrate the two proceedings since each is controlled by a separate and distinct standard. The request for a preliminary injunction turns on the presence of imminent, irreparable harm. However, even if such a threat is not present, the plaintiff may still be entitled to prevail on the merits of his claim and obtain a final injunction. Certainly, it is unfair for a court to determine an action based upon a different legal standard than that by which the litigants believed themselves to have been governed. It is the antithesis of due process to bring someone before a court to defend himself on one basis if the court then reaches its decision on a different basis. It is also unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would had he realized that he was not going to receive a second chance to present his case. As the *Naus* court held, the nature of the decree is not altered by the court's failure to address the issue of damages. The relief granted is still in the nature of a final decree.

Because the hearing court's decree was actually a final injunction and, therefore, was improperly issued, we must reverse and remand. Jurisdiction relinquished.