**Pocono Laurel Lake Property
Owners Association v. Paul**

*Rebecca A. Craggs,* for plaintiff.
*Laura Paul,* pro se.

CHESLOCK, *J.,* September 21, 2006—On August 29, 2006, plaintiff Pocono Laurel Lake Property Own-

ers Association filed a complaint requesting the defendant Laura Paul to immediately turn over all financial information and documents of plaintiff/association which are currently in her possession. Plaintiff also filed a petition for preliminary injunction on August 29, 2006, alleging that immediate and irreparable harm will result if Paul does not hand over all financial information/documents. A rule to show cause was issued by this court on September 1, 2006, and a hearing was held on September 20, 2006. We will now rule on the matter.

## FINDINGS OF FACT

(1) Plaintiff is a homeowners association for Pocono Laurel Lake.

(2) Paul resides at 901 Marilou Lane, Bartonsville, and is a member of plaintiff by virtue of her ownership.

(3) Paul was appointed treasurer for plaintiff association on or about July 24, 2004, for a term of one year, after which she was retained for another tern.

(4) On July 6, 2006, Paul resigned as treasurer of plaintiff/association.

(5) Plaintiff requested Paul to hand over all financial information/documents to it in order to continue its day-to-day operations and to permit its accountant to reconcile the books at the end of its fiscal year.

(6) Paul has not released all requested documents to plaintiff.

(7) Plaintiff does not have the ability to conduct business without documents in the possession of Paul.

(8) Paul believes her term as treasurer expires on September 24, 2006, and she has not given any excuse for her failure to release plaintiff's documents.

## DISCUSSION

Plaintiff requests a preliminary injunction directing Paul to release and turn over documents which are its property. Pa.R.C.P. 1531 states, in pertinent part, that in determining whether a preliminary injunction should be granted, the "court may act on the basis of the averments of the pleadings or petition and may consider affidavits of the parties or third persons or any other proof which the court may require." A preliminary injunction is an extraordinary remedy that should only be granted where a party has established a clear right to the relief requested and when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable harm. *Soja v. Factoryville Sportsmen's Club,* 361 Pa. Super. 473, 477, 522 A.2d 1129, 1131 (1987). A court must determine whether the activity sought to be restrained is actionable and reasonably subject to abatement by the issuance of a preliminary injunction. *New Castle Orthopedic Associates v. Burns,* 481 Pa. 460, 392 A.2d 1383 (1978); *West Penn Specialty MSO Inc. v. Nolan,* 737 A.2d 295 (Pa. Super. 1995). The essential prerequisites for the issuance of a preliminary injunction are: (1) relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) greater injury will occur from refusing the injunction than granting it; (3) that the injunction will restore the parties to their status as it existed immediately prior to the alleged wrongful act; (4) that the alleged wrong is manifest and the injunction is reasonably

suited to abate it; and (5) that the plaintiff's right to relief is clear. *Anchel v. Shea,* 762 A.2d 346, 351 (Pa. Super. 2000). See also, *Schaeffer v. Frey,* 403 Pa. Super. 560, 565, 589 A.2d 752, 754-55 (1991); *Ucheomumu v. County of Allegheny,* 729 A.2d 132, 134 (Pa. Commw. 1999).

We must first determine whether the conduct sought to be restrained is actionable. A court sitting in equity cannot grant a preliminary injunction unless this first requirement is met. *Ucheomumu, supra* at 134. Plaintiff has filed its petition for preliminary injunction seeking to restrain Paul from maintaining its documents, which prohibits its ability to conduct its business and a year-end audit/reconciliation. Michael DeLeonardo, vice president of the plaintiff, testified at hearing that a meeting was held on July 6, 2006, in which Paul resigned as treasurer. He stated that at a subsequent board of directors' meeting on August 3, 2006, a new treasurer was appointed. DeLeonardo testified that Paul continued to maintain the books and other financial information/documentation which is needed by plaintiff to continue to pay its bills and conduct its day-to-day operations. He voiced concern that some members of plaintiff/association will not pay their dues because the payment cannot be properly recorded.

After reviewing all the pertinent facts, the court finds that plaintiff has presented evidence that the action sought to be restrained, *i.e.,* Paul continuing to possess the documents of plaintiff, is actionable. Paul is in possession of financial information and documentation which is crucial to the day-to-day operating activities of plaintiff. We will now determine whether the relief sought is necessary to prevent immediate and irreparable harm. De-

Leonardo testified that requests were made to Paul to hand over the information and documentation but plaintiff has not received the requested documentation from Paul. He further stated that the accountant is unable to complete the year-end audit/reconciliation of plaintiff's books. Based upon the testimony presented at hearing, we find that plaintiff would suffer immediate and irreparable harm if the injunction is not issued. The plaintiff is not aware which dues, if any, are being paid by members. In addition, the audit by the accountant is being hindered by Paul's refusal to hand over the documentation. Most importantly, we find that plaintiff is not able to function without the documents in the possession of Paul, which includes conducting its day-to-day operating activities. This is causing plaintiff irreparable harm. Accordingly, we find that the first requirement for the issuance of a preliminary injunction has been met.

The second requirement for a preliminary injunction is that greater injury will result from refusing injunction. It is clear from the testimony in this matter that greater injury will result if the injunction is not granted. The testimony of DeLeonardo indicates that plaintiff cannot continue to operate unless the documents are handed over by Paul. In this matter, the issuance of the preliminary injunction would abate the wrong because it would allow plaintiff to gain possession of its documents and allow the plaintiff to function properly. We find that greater harm would occur if the injunction is not granted.

The third requirement for a preliminary injunction is that it will restore the parties to their status as it existed prior to the alleged wrongdoing. It is clear that by requiring Paul to turn over the documents to plaintiff, it will

restore the parties to their status as it existed prior to the wrongdoing. The issuance of the preliminary injunction will allow the parties to return to the positions that they were in prior to Paul denying possession of the documents to plaintiff.

The fourth requirement for a preliminary injunction is that the alleged wrong is discernible and the injunction is reasonably suited to abate it. After hearing, we find that the actions of Paul are incorrect and wrong, due to her lack of authority to continue to possess the documents of plaintiff. Paul acknowledges that she resigned, however, she claims that her term ends on September 24, 2006. We find no merit in this contention. Paul did not indicate that at the time of her resignation she told the plaintiff that it would be effective beginning September 24, 2006. Therefore, we believe when she resigned on July 6, 2006, it was immediate. We find that the issuance of the preliminary injunction will permit plaintiff to maintain its financial information necessary for continuing its operations and will abate the current situation. Hence, the fourth requirement has been met.

The fifth and final requirement for the issuance of a preliminary injunction is that the plaintiff's right to relief is clear. Plaintiff has established at hearing that Paul maintained the documents for it. Plaintiff has also established that the documents in the possession of Paul are the property of plaintiff. Paul has not set forth that she has any possessory interest in the documents other than her role as treasurer of plaintiff. A preliminary injunction should be no broader than is necessary for the plaintiff's interim protection. *Anchel, supra* at p. 352. We find that the return of the documents is no broader than is neces-

sary for plaintiff's protection. Accordingly, we find that plaintiff's right to relief is clear in this matter.

## CONCLUSIONS OF LAW

(1) Plaintiff had no adequate remedy at law.

(2) Plaintiff has established that it will suffer immediate and irreparable harm unless the preliminary injunction is issued.

(3) Plaintiff has established wrongful conduct on the part of Paul in maintaining possession of its documents, despite requests to turn the documents over to it.

(4) Plaintiff has established it is the rightful owner of the documents in question.

(5) Paul has failed to relinquish possession of the documents, despite plaintiff requesting her to do so.

(6) Paul resigned her position as treasurer effective July 6, 2006.

(7) The greater injury will result from refusing the preliminary injunction.

(8) The right of plaintiff to relief is clear.

(9) Paul must turn over the documents to plaintiff immediately.

## ORDER

And now, September 21, 2006, plaintiff's request for preliminary injunction is hereby granted and it is ordered that defendant Laura Paul immediately turn over all financial information and documentation of plaintiff, Pocono Laurel Lake Property Owners Association, in her possession to plaintiff.