J-S09007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| BRYCE RINKHOFF, INDIVIDUALLY AND AS A MEMBER OF RINKHOFF AGRICULTURAL ENTERPRISES, LLC | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>: |
|         Appellant | :<br>:<br>: |
|         v. | :<br>: |
| | : No. 132 WDA 2018<br>: |
| ERIC ELIA BONONI, ESQUIRE, INDIVIDUALLY AND AS MANAGER OF RINKHOFF AGRICULTURAL ENTERPRISES, LLC, CLINT RINKHOFF, INDIVIDUALLY AND AS MANAGER OF RINKHOFF AGRICULTURAL ENTERPRISES, LLC, BARRY RINKHOFF, INDIVIDUALLY AND AS MANAGER OF RINKHOFF AGRICULTURAL ENTERPRISES, LLC AND GRANT RINKHOFF, INDIVIDUALLY AND AS MANAGER OF RINKHOFF AGRICULTURAL ENTERPRISES, LLC | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Appeal from the Order Dated December 14, 2017
In the Court of Common Pleas of Greene County
Civil Division at No(s): 888 A.D. of 2017

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, P.J.: FILED NOVEMBER 08, 2019

Appellant Bryce Rinkhoff, individually and as a member of Rinkhoff

Agricultural Enterprises, LLC, appeals from the December 14, 2017 order

_____

[*] Retired Senior Judge assigned to the Superior Court.

entered in the Greene County Court of Common Pleas.[1] After careful review, we affirm.

This appeal involves a dispute between four brothers who are members and managers of Rinkhoff Agricultural Enterprises, LLC ("RAE"). RAE is a Pennsylvania limited liability corporation that owns and leases land for oil and gas development. Due to disagreements regarding an oil and gas lease, the brothers revised the operating agreement of the LLC to require a majority vote of the members to conduct all business. They also agreed to hire Eric Bononi, Esquire as the external manager for a period of one-year.

Sometime after the expiration of Bononi's term, Appellant discovered that Bononi continued to act as the external manager even though there was no formal vote to reappoint him. Appellant tried to address the issue with his brothers, Clint Rinkhoff and Grant Rinkhoff, but to no avail. Moreover, Bononi refused to relinquish his authority as external manager without a court order directing him to do so. Appellant then filed a petition for a preliminary injunction.

In his petition, Appellant sought a preliminary injunction to enjoin Bononi from conducting business on behalf of RAE. Appellant also sought to restrain Clint and Grant from acting unilaterally without his consent on business matters. The trial court granted Appellant's preliminary injunction

_____

[1] An appeal may be taken as of right from "[a]n order that grants . . . an injunction[.]" Pa.R.A.P. 341(a)(4).

without a hearing and enjoined Bononi, Clint, and Grant from taking further action on behalf of RAE. Thereafter, the trial court held a hearing on the matter.

At the hearing, the trial court addressed the merits of the underlying dispute without taking sworn testimony from witnesses. Counsel for Appellant explained that a company approached RAE to modify a pre-existing pipeline agreement. Under the terms of the proposed modification, the company would pay RAE $2,000,000 for the necessary right-of-way to construct, operate, and maintain a pipeline for the transportation of natural gas. However, because of Bononi's involvement in the matter, Appellant refused to assent to the proposed modification. As a result, Appellant alleged that Clint and Grant devised a vote on the modification, whereby Bononi would act as the tiebreaker, in violation of the operating agreement. For that reason, Counsel for Appellant requested that the trial court remove Bononi from acting on behalf of RAE.

In response to Appellant's arguments, the trial court convened an off-the-record meeting in chambers with the four brothers to resolve the underlying dispute. The parties emerged without having reached an agreement on Bononi's role with RAE or the proposed pipeline right-of-way. The trial court then issued an order prohibiting Bononi from executing contracts on behalf of RAE. However, the order allowed Bononi to remain as external manager for the limited purpose of maintaining accounts receivable and accounts payable. The trial court also ordered that each brother receive

$100,000 from the LLC, which each brother could then invest as he might see fit. This timely appeal followed.

In this direct appeal, Appellant raises six issues for our review. However, we must note that Appellant's arguments are indecipherable, undeveloped, and repetitive. From what we can interpret, Appellant appears to challenge the procedural defects at the injunction hearing, and the equitable relief granted by the trial court. Therefore, we review these issues insofar as we can discern Appellant's arguments.

Appellant's first claim seemingly challenges the trial court's issuance of a permanent injunction. In particular, Appellant argues the trial court erred in granting a permanent injunction without first holding a hearing.[2]

Injunctive relief is an equitable remedy available only in actions brought in equity. See Barcia v. Fenlon, 37 A.3d 1, 5-6 (Pa. Cmwlth. 2012).[3] A court may grant equitable relief in the form of a preliminary injunction or a

_____

[2] We note that, arguably, the trial court order Appellant is appealing in large part granted relief that Appellant requested. Under the Rules of Appellate Procedure, any party who is "aggrieved by an appealable order" may file an appeal. Pa.R.A.P., Rule 501. Only aggrieved parties have standing to appeal a court order. See In re J.G., 984 A.2d 541, 546 (Pa. Super. 2009). "A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." Id. (citations and quotation marks omitted). Even if the prevailing party disagrees with the factual findings or legal reasoning supporting the order, he does not have standing to appeal from it. See id. As a result, it is at best unclear whether Appellant has standing to raise the issue as we have construed it.

[3] Although decisions of the Commonwealth Court are not binding on the Superior Court, they may serve as persuasive authority. See Maryland Cas. Co. v. Odyssey, 894 A.2d 750, 756 n.2 (Pa. Super 2006).

permanent injunction. See id. The purpose of a preliminary injunction is to preserve the status quo until the court can hear the merits of the case, as distinguished from a permanent injunction, which is issued to provide permanent redress. See Lindeman v. Borough of Meyersdale, 131 A.3d 145, 151 (Pa. Cmwlth. 2015); see also 15 Standard Pennsylvania Practice 2d § 83:10. Accordingly, these different forms of injunctive relief are governed by separate standards.

Generally, a court may issue a preliminary injunction only after providing the parties with written notice and a hearing. See Pa.R.C.P. 1531(a). However, if the moving party shows that immediate and irreparable harm will result without injunctive relief, a court may grant a preliminary injunction in the absence of a hearing. See Com. ex rel. Costa v. Boley, 272 A.2d 905, 908 (Pa. 1971). After issuing a preliminary injunction, a court may dissolve, continue, or modify the injunction. See Pa.R.C.P. 1531(e).

In order to establish a claim for a permanent injunction, the moving party must establish a clear right to relief. See Buffalo Tp. v. Jones, 813 A.2d 659, 663 (Pa. 2002). However, unlike a preliminary injunction, the moving party need not establish either irreparable harm or the need for immediate relief. See id. Instead, a court may issue permanent injunctive relief if such relief is necessary to prevent a legal wrong for which there is no adequate remedy at law. See Soja v. Factoryville Sportsmen's Club, 522 A.2d 1129, 1131 (Pa. Super. 1987).

In reviewing an injunction, an appellate court must examine the nature of the relief granted in order to determine whether it was a preliminary or permanent injunction. See id., at 1132. The label attached by the court to the proceedings or the relief granted is not controlling in determining whether the proceedings were for a preliminary injunction or a permanent injunction. See Naus & Newlyn, Inc. v. Mason, 441 A.2d 422, 424 (Pa. Super. 1982).

As stated above, the trial court issued a preliminary injunction solely based on Appellant's assertion that he would sustain irreparable harm absent injunctive relief. See e.g., Appellant's Petition for Emergency Injunction; see also Lindeman, 131 A.3d at 151. Following the grant of a preliminary injunction enjoining the named parties, a hearing was scheduled on whether the preliminary injunction would be dissolved, continued, or modified. As noted, no testimony was offered or taken at the hearing.

However, the trial court's resulting order, for instance, allowed Bononi to continue as the external manager, albeit in a limited capacity. See N.T., Hearing, 12/14/17, at 57; see also Trial Court Order, 12/14/17. Although the trial court did not specify the relief it was granting, it is clear from our review that the trial court issued a permanent injunction. See N.T., Hearing, 12/14/17, at 57; see also Soja, 522 A.2d at 1131. As such, we review the trial court's decision for an error of law. See Buffalo Tp., 813 A.2d at 664.

Initially, we conclude that in any event Appellant waived his first issue on appeal. Appellant argues here that the trial court issued a permanent injunction without holding an evidentiary hearing on the underlying matter.

- 6 -

See Appellant's brief, at 24. However, upon review of the certified record, Appellant failed to raise this issue at the hearing. Therefore, the issue is waived as it cannot be raised for the first time on appeal. See Pa.R.A.P. 302(a). Even if Appellant had preserved this issue, the certified record shows that the trial court issued a permanent injunction after providing the parties with the opportunity for a hearing on the merits.

In Appellant's next issue, he argues the trial court failed to provide him with timely notice of the hearing. Under the Pennsylvania Rules of Civil Procedure, a court must provide written notice of an order scheduling a hearing to each party's attorney of record. See Pa.R.C.P. 236(a)(2). The notice must also include a copy of the order or judgment. See id.

Although Appellant contends he had no timely notice of the hearing, our review of the certified record reveals this claim is frivolous. The trial court order, dated December 12, 2017, indicates Appellant received a copy of the order and notice of the injunction hearing on December 13, 2017. See Trial Court Order, 12/12/17. Even before the trial court disseminated its order, Appellant's attorney notified the opposing parties that a hearing would be held on December 14, 2017. See Appellant's Notice of Presentation, 12/11/17. Therefore, the record shows Appellant had notice of the hearing.

We address Appellant's third, fourth, and fifth issues contemporaneously, as they concern an alleged procedural defect in the proceeding. Appellant argues the trial court erred in not taking sworn testimony from witnesses at the hearing.

Like his first issue, we conclude Appellant waived his third, fourth, and fifth issues on appeal. From our review of the certified record, the trial court conducted the hearing in an informal manner. Instead of taking evidence at the hearing, the trial court permitted each counsel to argue their positions in the case. However, at no time did Appellant request to produce witnesses or object to the manner in which the trial court conducted the hearing. See Pa.R.A.P. 302(a). Further, Appellant does not even suggest in his brief what testimony he would have elicited from potential witnesses at the hearing. Therefore, Appellant waived these issues on appeal.

Finally, Appellant challenges the trial court's authority to distribute assets of the LLC. He argues the trial court was without jurisdiction to order the distribution of $100,000 to each member of the LLC.

Courts sitting in equity have broad powers to grant relief that will result in an equitable resolution of a dispute. See Gutteridge v. J3 Energy Group, Inc., 165 A.3d 908, 916 (Pa. Super. 2017). Accordingly, "a trial court must formulate an equitable remedy that is consistent with the relief requested. . . ." Id.

At the hearing, after granting Appellant partial relief in enjoining Bononi from entering into any new contracts, the trial court ordered the distribution of $100,000 to each member of the LLC. In doing so, the trial court explained that "[its] intent with the distribution [was] to help [the parties] begin to feel the effects of the Court[']s orders. . . ." N.T., Hearing, 12/14/17, at 66. Although the certified record shows Appellant did not request that the court

distribute the LLC's assets, he, however, did seek the trial court's help in resolving the underlying dispute. In fact, Appellant stated on the record that he sought an injunction from the court to force his brothers to settle the issues affecting the LLC. See N.T., Hearing, 12/14/17, at 78. However, due to the nature of the disagreement among the brothers, the trial court acknowledged "an injunction . . . [was not] going to resolve the underlying issues." Id., at 75. That is why the trial court ordered the distribution of RAE's assets. Therefore, it was within the trial court's authority to fashion an equitable remedy that was consistent with Appellant's requested relief.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2019