J-A19038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW S. HOFFMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE E. JOHNSON, BOWEN | : | No. 1714 MDA 2023 |
| AGENCY, INC. D/B/A BOWEN | : | |
| AGENCY REALTORS, AND LARMAT, | : | |
| LLC | : | |

Appeal from the Order Entered November 20, 2023
In the Court of Common Pleas of Snyder County Civil Division at No(s):
CV-0489-2023


BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: NOVEMBER 13, 2024**

Appellant, Matthew S. Hoffman ("Hoffman"), appeals from the order entered in the Court of Common Pleas of Snyder County, Civil Division, denying his petition for a preliminary injunction.[1]  We affirm.

The trial court sets forth the underlying facts and procedural history:

On November 8, 2023, [Plaintiff/Appellant], Matthew Hoffman (hereinafter, "Hoffman"), filed a Complaint at Law and in Equity in conjunction with a Petition for Preliminary Injunction.  The Complaint accuses [Defendant/Appellee] Lawrence Johnson (hereinafter, "Johnson") of wrongful conduct by "[freezing

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** Pa.R.A.P. 311(a)(4) ("An appeal may be taken as of right ... from ... [a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]").

Plaintiff] out of the Bowen Agency's corporate governance and management, usurp[ing] various opportunities for himself and to [Plaintiff's] exclusion, and wrongfully terminat[ing] [Plaintiff's] employment with the company." **See** Petition for Preliminary Injunction, November 8, 2023, p.1 (unnumbered), para. I.

In his Complaint, Hoffman states [that] Hoffman and Johnson each own fifty percent (50%) of the shares of the Bowen Agency and fifty percent (50%) of the membership interests of [LarMat], [both] closely-held corporations.[fn1] Johnson is the President and Treasurer and Hoffman is the Vice President and Secretary of the Bowen Agency. Hoffman stated his duties in the Bowen Agency consisted of managing [the] Lewisburg location, staffing/overseeing agents, listing and selling real estate, and involvement with agent recruitment. Preliminary Injunction, N.T., November 16, 2023, p. 14. On or about October 30, 2023, Hoffman was terminated and purportedly denied his rights to the Bowen Agency as 50% owner/shareholder, officer, and board of director member.

---

FN1 Bowen Agency is a real estate brokerage firm serving the Selinsgrove, Sunbury, and Lewisburg regions.

---

Hoffman was locked out of Bowen Agency's Offices, denied access to his company email and company-issued cell phone, and denied access to all financial aspects of the Bowen Agency. Hoffman is seeking to recover damages and injunctive relief resulting from being "frozen out" of Bowen Agency. In his Petition for Preliminary Injunction, Hoffman asserts an injunction is necessary to prevent the immediate and irreparable harm he incurred from the deprivation of his property rights in the company.

Johnson argued Hoffman's employment termination does not in any way affect Mr. Hoffman's ownership of the company. Preliminary Injunction, N.T. November 16, 2023, p. 56. Johnson set forth Hoffman was still getting his monthly rental checks, receiving his K-1 at the end of the year, still receiving monthly reports and continued freedom to receive any additional documents requested by Hoffman. **Id.** at 58. Johnson testified he terminated Hoffman as an employee of the company, but not as an officer. **Id.** at 66. Johnson indicated Hoffman maintains his

> 50% ownership of the company and his position as an officer, shareholder and board [] director. *Id.* at 68, 69.
>
> The hearing on the Preliminary Injunction was heard on November 16, 2023. By [trial court] order dated November 17, 2023, [the trial court] denied Hoffman's preliminary injunction. Hoffman filed a Motion for Reconsideration and his Appeal to the Superior Court on December 15, 2023.

Trial Court Opinion, 2/13/24, at 1-2.

In his timely-filed Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), Hoffman alleged the trial court erred when it determined he failed in his obligation to establish each of the six essential prerequisites to obtaining preliminary injunctive relief. The single issue he raises in his "Brief of Appellant" asserts he met his burden with respect to the prerequisites to securing a preliminary injunction. We disagree.

> The purposes of a preliminary injunction are to preserve the status quo and prevent imminent and irreparable harm which might occur before the merits of the case can be heard and determined. It is considered an extraordinary remedy and may only be granted if the plaintiff has established a clear right to the relief sought.

*Petersheim v. Snyder*, 311 A.3d 591 (non-precedential decision) (Pa. Super. Ct. 2023) (quoting *Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129, 1131 (Pa. Super. 1987) (citations omitted).

When reviewing an order granting or denying a preliminary injunction, our review is "highly deferential" and limited to whether there was an abuse of discretion. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount,*

*Inc.*, 828 A.2d 995, 1000 (Pa. 2003).[2] "[W]e do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the [trial] court." *Id.* (citation omitted); *see also Matenkoski v. Greer*, 213 A.3d 1018, 1025 (Pa. Super. 2019). A trial court has "apparently reasonable grounds" when it has found that one of the prerequisites for a preliminary injunction has not been met. *Warehime v. Warehime*, 860 A.2d 41, 46 (Pa. 2004).

The prerequisites to obtaining a preliminary injunction are well-settled:

> To be entitled to a preliminary injunction, a party must show the following: First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged

---

[2] The Pennsylvania Supreme Court has observed the reasons for this highly deferential standard of review have been acknowledged for more than one hundred years:

> It is somewhat embarrassing to an appellate court to discuss the reasons for or against a preliminary decree, because generally in such an issue we are not in full possession of the case either as to the law or testimony – hence our almost invariable rule is to simply affirm the decree, or if we reverse it to give only a brief outline of our reasons, reserving further discussion until appeal, should there be one, from final judgment or decree in law or equity.

*Summit Towne Ctr.,* 828 A.2d at 100-1001 (*quoting Hicks v. Am. Nat'l Gas Co.*, 207 Pa. 570, 57 A. 55, 55-56 (1904).

- 4 -

wrongful conduct. Fourth, the party seeking the injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

***Kuhstoss v. Steele***, 234 A.3d 789, 792–93 (Pa. Super. 2020) (citation omitted) (emphasis added). ***See County of Allegheny v. Commonwealth***, 544 A.2d 1305, 1307-08 (Pa. 1988) (for preliminary injunction to issue, every prerequisite must be established; proponent of preliminary injunction faces heavy burden of persuasion); ***PennEnergy Res., LLC v. MDS Energy Dev., LLC***, ---A.3d----, 2024 WL 4246134 (Pa. Super. filed Sept. 20, 2024).

In the trial court's opinion, it concludes that Hoffman has failed to establish the first, second, and sixth prerequisites to his demand for a preliminary injunction. We address such prerequisites and find an inquiry into any of the three shows "apparently reasonable grounds" for the trial court's order denying preliminary injunctive relief.

The first prerequisite for injunctive relief places upon the petitioner a burden to demonstrate "the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages." Observing that Hoffman retained his positions as both one-half owner and one of two directors sitting on the board of Bowen Agency and that he continued to have influence in that capacity, the trial court aptly concluded that Hoffman's losses stemming from his termination as an employee appeared to

be strictly financial in nature and, thus, capable of compensation through a claim for monetary damages.

Appellant, however, maintains that immediate harm stemmed from a termination that contravened Pennsylvania corporate law found at Title 15 Pa.C.S.A., Corporations and Unincorporated Associations, Subsection 1733, "Removal of officers and agents", and he contends that, "The BCL provides that such officers may only be 'removed by the board of directors.' Brief of Appellant, at 7, citing 15 Pa.C.S.A. § 1733.[3] Our review of subsection 1733, however, shows that while it provides in pertinent part that "any officer or agent of a business corporation may be removed by the board of directors with or without cause," it neither confers exclusive employment decision power to the board nor precludes the vesting of such authority to a corporate president through by-laws. In the case *sub judice*, the by-laws of Bowen Agency vest in the corporate president powers commensurate with the role of corporate chief executive officer, including "the general and active management of the business of the corporation. . . . and shall have the general

_____

[3] Subsection 1733 provides:

**§ 1733. Removal of officers and agents**

Any officer or agent of a business corporation may be removed by the board of directors with or without cause. The removal shall be without prejudice to the contract rights, if any, of any person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

15 Pa. Stat. and Cons. Stat. Ann. § 1733.

powers and duties of supervision and management usually vested in the office of President of a corporation." By-Laws, Article V, Section 4. Thus, we reject Hoffman's first prerequisite argument to the extent it relies on his claim that his termination as an employee irreparably violated his rights under Title 15.

As for the remainder of his first prerequisite case, the trial court's opinion cites authority acknowledging that it was not its burden to convert the preliminary injunction proceedings into a final hearing, *see* Trial Court Opinion, at 3, and it determined that Hoffman had not demonstrated at the hearing how he had been suffering from immediate and irreparable harm that could not be adequately compensated by damages. We agree that under the record developed at the preliminary injunction hearing, the trial court properly found there were apparent grounds for concluding that Hoffman's alleged harm could be adequately compensated by damages.

In the alternative, the second prerequisite a petitioner must show is that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Central to this inquiry were competing testimonies as to whether and to what extent Hoffman had directed business away from Bowen Agency to competing agencies. On this point, the trial court opined:

> The second prerequisite includes that "greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings." *Warehime*, 860 A.2d at 43. Here, greater injury would have occurred to

Bowen Agency if the injunction was granted. During his sworn testimony, Defendant Johnson averred Plaintiff Hoffman was diverting business opportunities from Bowen Agency to other agencies. Preliminary Injunction [Hearing], N.T. [11/16/23, at] 8, 57-58. Specifically, Johnson testified about two properties initially listed with Bowen Agency but currently under contract with Iron Valley Real Estate. These properties were associated with an agent at Iron Valley, whom Hoffman was claimed to be allegedly having an affair with. [N.T.] at 55. In addition, Defendant Johnson testified the Bowen offices experienced a lot of agent turnover and largely attributed the turnover to Hoffman's alleged affair and alcohol concerns. N.T. at 50, 52-53. In light of the severity of these concerns, issuing the preliminary injunction would substantially harm other interested individuals at the Bowen Agency.

Trial Court Opinion, at 4.

Relatedly, the trial court cabined similar concerns within its discussion addressing Hoffman's sixth prerequisite obligation to show that an injunction would have no adverse effect on the public interest. In finding Hoffman failed to meet this obligation, the court concluded, "Here, injunction would only serve the requesting party by returning his employment and management to the status quo. With Hoffman 'siphoning' business away from Bowen Agency", the trial court observed, "[restoration of the] status quo could subject the other agents and employees to a risk of losing their jobs. Trial Court Opinion at 5, (citing N.T. at 56). We find the court's sixth prerequisite findings of fact complimentary, if not equally relevant, to those findings made pursuant to its second prerequisite inquiry.

Hoffman argues the trial court reached its findings of fact by erroneously basing its decision on Johnson's testimony. Brief of Appellant at 24. In Hoffman's opinion, the trial court "incorrectly determines Hoffman is the one

substantially harming the other interested individuals at Bowen Agency when Johnson's actions are responsible." Brief of Appellant at 25. We discern no manifest abuse of discretion with either the trial court's credibility assessment of witnesses or with its evidence-based determination at this early phase that restoring Hoffman to his previous position within Bowen Agency would jeopardize the agency and the broader economic interests of its employees.

Accordingly, because Hoffman has failed to establish every prerequisite to acquiring a preliminary injunction, we conclude "apparently reasonable grounds" exist for the trial court's ruling denying the petition for a preliminary injunction below.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2024